VIRGINIA:

IN THE CIRCUIT COURT FOR THE COUNTY OF CULPEPER

| | | |
|---|---|---|
| MATTHEW J. HAYMAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Case No. 2015-L-810 |
| | ) | |
| MEGAN R. FREDERICK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEMURRER

COMES NOW, the defendants, Megan R. Frederick, Angela D. Catlett, Jonathan B. Slater, Wade A. Gelbert, Thomas G. Smith, and Justin W. Witt (collectively, "the Defendants"), by counsel, and demur to the Complaint filed herein by the plaintiff, Matthew J. Haymaker, for the reasons that follow:

1.    Count I of the Complaint fails to state a claim for defamation upon which relief may be granted for the following reasons:

    a.  The facts pled in the Complaint establish that the Defendants enjoy absolute immunity with respect to each of the allegedly defamatory statements as a matter of law;

    b.  The facts pled in the Complaint establish that the allegedly defamatory statements were qualifiedly privileged as a matter of law

    c.  The Complaint fails to set forth the defamatory words used *in haec verba*;

    d.  The alleged defamatory statements are not statements of fact as a matter of law;

    e.  The alleged defamatory statements are statements of opinion as a matter of law;

1



f. The alleged defamatory statements are not reasonably capable of the defamatory meaning ascribed as a matter of law; and

g. The alleged defamatory "sting" of the allegedly actionable statements does not coincide with the alleged falsehood.

2. Count II of the Complaint fails to state a claim for tortious interference with a contract or expectancy upon which relief may be granted for the following reasons:

a. The facts pled in the Complaint establish that the Defendants enjoy absolute immunity for the alleged acts of interference as a matter of law;

b. The facts pled in the Complaint fail as a matter of law to establish that the Defendants utilized any improper means to carry out the alleged interference with the plaintiff's at-will employment contract;

c. To the extent the plaintiff intends to rely on defamation to supply the improper means element of this claim, Count II fails for each of the reasons identified, *supra*, in relation to Count I;

d. The facts pled in the Complaint establish that the alleged interference was justified and privileged on the grounds that the Defendants acted in furtherance of their legal and ethical responsibilities for the welfare of others; and

e. The facts pled in the Complaint fail to show that any actions undertaken by the Defendants was the cause-in-fact and legal cause of any adverse action taken against Haymaker by the Department and the VSP.

3. Count III of the Complaint fails to state a claim for statutory business conspiracy upon which relief may be granted for the following reasons:

  a. The facts establish that the Defendants cannot be co-conspirators as a matter of law under the doctrine of intracorporate immunity;

  b. The facts pled in the Complaint establish that the Defendants enjoy absolute immunity for the alleged conspiratorial acts as a matter of law;

  c. Harm to personal reputation and employment interests is not actionable as a statutory business conspiracy as a matter of law under the holding of *Andrews v. Ring*, 266 Va. 311 (2005), and its progeny;

  d. Civil conspiracy is not a recognized cause of action under Virginia law; and

  e. The facts fail to establish the essential elements of a conspiracy: the alleged agreement between the conspirators, the object of the conspiracy, and the overt act taken by each Defendant in furtherance thereof.

4. Count IV of the Complaint fails to state a claim filed pursuant to 42 U.S.C. § 1983 for the following reasons:

  a. The facts establish that the Defendants cannot be co-conspirators as a matter of law under the doctrine of intracorporate immunity;

  b. The facts pled establish as a matter of law that Frederick and Catlett enjoy absolute immunity for the alleged wrongful acts;

  c. The plaintiff has failed to identify any federal or constitutional right allegedly violated by Frederick and Catlett;

  d. The facts pled fail as a matter of law to establish that Frederick and Catlett undertook any action in retaliation for Haymaker's opposition to the Commonwealth's motion to compel production of Haymaker's internal investigation file;

e. The plaintiff fails to make a sufficient factual showing that he is entitled to relief under 42 U.S.C. § 1983; and

f. The plaintiff fails to set forth sufficient facts showing that Frederick and Catlett conspired to violate the plaintiff's rights.

5. The *ad damnum* fails to comply with Rule 3:25 of the Supreme Court of Virginia and should be stricken because (i) it fails to identify the statutory or common basis for the claim for attorney's fees under subparts 2 and 3; and (ii) the plaintiff cannot rely on Code of Virginia section18.2-500 because the plaintiff has failed to state a claim for relief under that Code section for the reasons identified, *supra*, paragraph 3.

WHEREFORE, the defendants, Megan R. Frederick, Angela D. Catlett, Jonathan B. Slater, Wade A. Gelbert, Thomas G. Smith, and Justin W. Witt, by counsel, pray that this Court enter an Order granting the instant motion; dismissing this action with prejudice; and for such further relief as this Court deems just and proper.

Respectfully submitted,

MEGAN R. FREDERICK
ANGELA D. CATLETT
JONATHAN B. SLATER
WADE A GELBERT
THOMAS G. SMITH
JUSTIN W. WITT

By: _____
Counsel

4

William W. Tunner (VSB No. 38358)
Michael G. Matheson (VSB No. 82391)
Thompson McMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
Tel.: (804) 698-5933
Fac.: (804) 780-1813
wtunner@t-mlaw.com
mmatheson@t-mlaw.com
*Counsel for Megan R. Frederick, Angela D.*
*Catlett, Jonathan B. Slater, Wade A. Gelbert,*
*Thomas G. Smith, and Justin W. Witt*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon the

following counsel of record this 14th day of September, 2015, via first-class mail, postage

prepaid:

Andrew D. Meyer
P.O. Box 14543
Richmond, Virginia 23221

T.J. O'Brien
P.O. Box 942
Abingdon, Virginia 24212

5