

CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED

OCT 02 2015

JULIA C. DUDLEY, CLERK
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| MATTHEW J. HAYMAKER, ) | Civil Action No 3:15-CV-00052. |
| Plaintiff(s), ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| MEGAN R. FREDERICK et al, ) | |
| ) | |
| Defendant(s). ) | |

This case was recently removed from the Circuit Court for Culpeper, Virginia to the

United States District Court for the Western District of Virginia at Charlottesville. Finding it

necessary and proper to do so, it is hereby

REQUESTED

that the original case file in your Court be forwarded to the Clerk of this court at 255 West Main

Street, Room 304, Charlottesville, VA 22902, as contemplated under 28 U.S.C. § 1441, et seq.

The Clerk is directed to send a copy of this Order to the Clerk of the Circuit Court for

Culpeper County, 135 West Cameron Street, Culpeper, VA 22701.

ENTERED:  9/23/2015

/s/  Glen E. Conrad

_____
Chief United States District Judge

A TRUE COPY; TESTE:
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

CULPEPER COUNTY CIRCUIT COURT

Case   CL-15000810-00

MATTHEW J. HAYMAKER ............................... v. MEGAN R. FREDERICK COMMONWEALTH'S .....
ATTORNEY FOR CULPEPER COUNTY ET ALS

## TABLE OF CONTENTS

| Name of Paper | Date Filed | Page |
|---|---|---|
| COMPLAINT W/ EXHIBITS ATTACHED | AUG. 20, 2015 | 1 - 22 |
| LETTER REGARDING SERVICE | AUG. 20, 2015 | 23 |
| SUMMONS -- MEGAN R. FREDERICK, COMMONWEALTH'S ATTORNEY | AUG. 24, 2015 | 24 |
| SUMMONS -- ANGELA D. CATLETT, DEPUTY COMMONWEALTH'S ATTORNEY | AUG. 24, 2015 | 25 |
| SUMMONS -- JONATHAN B. SLATER, SENIOR ASSISTANT COMMONWEALTH'S ATTORNEY | AUG. 24, 2015 | 26 |
| SUMMONS -- WADE A. GELBERT, ASSISTANT COMMONWEALTH'S ATTORNEY | AUG. 24, 2015 | 27 |
| SUMMONS -- THOMAS G. SMITH, ASSISTANT COMMONWEALTH'S ATTORNEY | AUG. 24, 2015 | 28 |
| SUMMONS -- JUSTIN W. WITT, ASSISTANT COMMONWEALTH'S ATTORNEY | AUG. 24, 2015 | 29 |
| COVER SHEET FOR FILING CIVIL ACTIONS | AUG. 24, 2015 | 30 |
| RETURN OF SERVICE--MEGAN R. FREDERICK, COMMONWEALTH ATTORNEY--SERVED ANGELA CATLETT, ASST C/A | AUG. 26, 2015 | 31 |
| RETURN OF SERVICE--ANGELA D. CATLETT, DEPUTY COMMON-WEALTH ATTORNEY--PERSONAL SERVICE | AUG. 26, 2015 | 32 |
| RETURN OF SERVICE--JONATHAN B. SLATER, SENIOR ASSISTANT COMMONWEALTH ATTORNEY--SERVED ANGELA CATLETT, ASST C/A | AUG. 26, 2015 | 33 |
| RETURN OF SERVICE--WADE A. GELBERT, ASSISTANT COMMON-WEALTH ATTORNEY--SERVED ANGELA CATLETT, ASST C/A | AUG. 26, 2015 | 34 |
| RETURN OF SERVICE--THOMAS G. SMITH, ASSISTANT COMMON-WEALTH ATTORNEY--SERVED ANGELA CATLETT, ASST C/A | AUG. 26, 2015 | 35 |

I, the undersigned, certify that the papers listed above and filed herein are the original papers entered in the above-styled case and constitute the true and complete record in such case except for exhibits whose omission is noted in the table of contents.

JANICE J. CORBIN _____ , Clerk

By:_____

Deputy Clerk

FORM CC-1385 (MASTER) 5/99 PC
Rule 5:13 and 5A:10

CULPEPER COUNTY CIRCUIT COURT

Case   CL15000810-00

MATTHEW J. HAYMAKER                          v.   MEGAN R. FREDERICK COMMONWEALTH'S
ATTORNEY FOR CULPEPER COUNTY ET ALS

TABLE OF CONTENTS

| Name of Paper | Date Filed | Page |
|---|---|---|
| RETURN OF SERVICE--JUSTIN W. WITT, ASSISTANT COMMON-WEALTH ATTORNEY--SERVED ANGELA CATLETT, ASST C/A | AUG. 26, 2015 | 36 |
| MOTION CRAVING OYER | SEPT 15, 2015 | 37 – 40 |
| DEMURRER | SEPT 15, 2015 | 41 – 45 |
| NOTICE OF FILING OF NOTICE OF REMOVAL IN THE UNITED STATES DISTRICT COURT W/ EXHIBIT ATTACHED | SEPT. 23, 2015 | 46 – 91 |
| ORDER---REMOVE CASE FROM CIRCUIT COURT TO FEDERAL COURT | SEPT 28, 2015 | 92 |

I, the undersigned, certify that the papers listed above and filed herein are the original papers entered in the above-styled case and constitute the true and complete record in such case except for exhibits whose omission is noted in the table of contents.

JANICE J. CORBIN _____ , Clerk

By:_____
Deputy Clerk

FORM CC-1385 (MASTER) 5/99 PC
Rule 5:13 and 5A:10

**VIRGINIA:**

*IN THE CIRCUIT COURT FOR THE COUNTY OF CULPEPER*

| | | |
|---|---|---|
| MATTHEW J. HAYMAKER<br>Plaintiff | ) | |
| | ) | |
| | ) | |
| V. | ) | **DOCKET NO.:** ___2015-L-810___ |
| | ) | |
| MEGAN R. FREDERICK<br>COMMONWEALTH'S ATTORNEY<br>FOR CULPEPER COUNTY | )<br>)<br>) | |
| | ) | |
| ANGELA D. CATLETT<br>DEPUTY COMMONWEALTH'S<br>ATTORNEY | )<br>)<br>) | |
| | ) | |
| JONATHAN B. SLATER<br>SENIOR ASSISTANT<br>COMMONWEALTH'S ATTORNEY | )<br>)<br>) | |
| | ) | |
| WADE A. GELBERT<br>ASSISTANT COMMONWEALTH'S<br>ATTORNEY | )<br>)<br>) | |
| | ) | |
| THOMAS G. SMITH<br>ASSISTANT COMMONWEALTH'S<br>ATTORNEY | )<br>)<br>) | |
| | ) | |
| and | ) | |
| | ) | |
| JUSTIN W. WITT<br>ASSISTANT COMMONWEALTH'S<br>ATTORNEY | )<br>)<br>) | |

## <u>COMPLAINT</u>

Plaintiff Matthew J. Haymaker ("Haymaker") moves for judgment against

Defendants Megan R. Frederick; Angela D. Catlett, Jonathan B. Slater, Wade A.

Gelbert, Thomas G. Smith and Justin W. Witt (hereinafter referred to collectively as

"Defendants"), and as grounds therefore states as follows:

-1-

## INTRODUCTION

1.   This suit is for:

   a.  Defamation;

   b.  Tortious Interference;

   c.  Conspiracy;

   d.  Violation of rights protected by the Constitution of the United States of America and its Amendments pursuant to 42 U.S.C. § 1983.

2.   The acts complained of occurred in the County of Culpeper and this Court has concurrent jurisdiction to hear claims pursuant to 42 U.S.C. § 1983.

## THE PARTIES

3.   Haymaker is not a public figure but is employed as a sworn officer with the Police Department for the Town of Culpeper (hereinafter "Department"). As a sworn officer with the Department, Haymaker would interact with the public and Haymaker's employment necessitates his reputation and standing in the community not be maligned or otherwise damaged.

4.   Megan R. Frederick is the Commonwealth's Attorney for the County of Culpeper. In her role as Commonwealth's Attorney, Frederick prosecutes cases for the Town of Culpeper and on behalf of Police Officers for the Town of Culpeper.

5.   Angela D. Catlett is the Deputy Commonwealth's Attorney for the County of Culpeper. In her role as the Deputy Commonwealth's Attorney, Catlett prosecutes cases for the Town of Culpeper and on behalf of Police Officers for the Town of Culpeper.

6. Jonathan B. Slater is the Senior Assistant Commonwealth's Attorney for the County of Culpeper. In his role as the Senior Assistant Commonwealth's Attorney, Slater prosecutes cases for the Town of Culpeper and on behalf of Police Officers for the Town of Culpeper.

7. Wade Gelbert is an Assistant Commonwealth's Attorney for the County of Culpeper. In his role as an Assistant Commonwealth's Attorney, Gelbert prosecutes cases for the Town of Culpeper and on behalf of Police Officers for the Town of Culpeper.

8. Thomas G. Smith is an Assistant Commonwealth's Attorney for the County of Culpeper. In his role as an Assistant Commonwealth's Attorney, Smith prosecutes cases for the Town of Culpeper and on behalf of Police Officers for the Town of Culpeper.

9. Justin W. Witt is an Assistant Commonwealth's Attorney for the County of Culpeper. In his role as an Assistant Commonwealth's Attorney, Witt prosecutes cases for the Town of Culpeper and on behalf of Police Officers for the Town of Culpeper.

## FACTS

10. The foregoing paragraphs are adopted and re-alleged as if fully set forth herein.

11. On May 31, 2012, Haymaker began his employment with the Department as a Patrol Officer.

12. On July 11, 2013, the Department assigned Haymaker to the Street Crimes Narcotics Division.

13.     In November 2014, Haymaker was sworn into the Virginia State Police Blue Ridge Narcotics and Gang Task Force ("VSP Task Force") and the Department made Haymaker a Detective.

14.     Haymaker's employment requires him to interact with the public and maintaining a good reputation in the community is essential for Haymaker to perform his duties as a law enforcement officer. As a member of the Department as well as of VSP Task Force, Haymaker is required to arrest suspects for felony offenses within the jurisdictional limits of the County of Culpeper.

15.     The Defendants have a duty to prosecute all warrants, indictments or informations charging a felony within the jurisdictional limits of the County of Culpeper.

16.     On September 29, 2014, Frederick lodged a complaint with the Department ("September Complaint") alleging Haymaker improperly interrogated a subject during the execution of a search warrant.

17.     On December 12, 2015, Kameron Hymes, a seventeen year-old male, was arrested for charges of violating Virginia Code § 18.2-90 (armed burglary with the intent to rob) and Virginia Code § 18.2-58 (robbery). Hymes made incriminating statements in Haymaker's presence that were recorded on video ("Hymes Video"). After a preliminary hearing in the Culpeper Juvenile and Domestic Relations Court, Hymes was subsequently found guilty of, and sentenced for, the burglary charge on April 15, 2015 in the Culpeper Circuit Court.

18.     As of March 6, 2015, none of the Defendants advised the attorney for Hymes the Hymes Video existed, nor did the Defendants provide Hymes or his attorney with a copy of the Hymes Video.

19. None of the Defendants ever provided Hymes or his attorney with a copy of the Hymes Video prior to March 17, 2015.

20. On January 13, 2015, Frederick advised the Department her office would no longer prosecute any of Haymaker's cases until the September Complaint was resolved. At that time, Frederick also informally lodged another complaint with the Department regarding Haymaker based upon the Hymes Video.

21. On January 14, 2015, the Department, after concluding its internal investigation into the September Complaint, issued a disposition sustaining a violation of "Department Rules and Regulations A(13) Human Relations." The Department expressly stated the internal investigation did not uncover anything that would call Haymaker's truthfulness or morality into question. Frederick and the rest of the Defendants received a copy of this disposition.

22. On January 15, 2015, Frederick sent an email to then-Captain Chris Settle and Chief Chris Jenkins. In this email, Frederick:

    a. Acknowledged viewing the Hymes Video;

    b. Again stated she would no longer prosecute any cases involving Haymaker after viewing the video;

    c. Stated she would not ask her prosecutors to prosecute any of Haymaker's cases; and,

    d. Made efforts to remove Haymaker from his position with the VSP Task Force.

23.     On January 16, 2015, Catlett publicized she shares the same concerns as Frederick regarding Haymaker, Haymaker's character and Haymaker's fitness as a witness.

24.     On January 21, 2015, Settle advised Catlett and Frederick that Detective Tyler Armel of the Culpeper County Sheriff's Internal Affairs Unit would assist in the administrative investigation resulting from the informal complaint referenced in Paragraph 20.

25.     On January 23, 2015, Frederick and Catlett met with Settle, Lieutenant Timothy Chilton and Detective Tyler Armel. At this meeting, Frederick and Catlett formally lodged the  complaint referenced in Paragraph 20 with the Department (herein collectively "January Complaint"). This complaint alleged:

   a.   The nature of the interview of Kameron Hymes was coercive;

   b.   There were concerns when Hymes asked to speak with his mother alone;

   c.   That after Miranda was read, there should have been no other conversation with the juvenile.

26.     On February 10, 2015, Frederick, through Catlett, filed a motion in the Culpeper Circuit Court (hereinafter "Commonwealth's Motion")  to compel the production of Haymaker's internal investigation file. Attached as Exhibit "A" is a copy of said motion. The Commonwealth's Motion was submitted in the case of *Commonwealth v. Wright*, Case Number CR14000273-01.

27.     Frederick, on many occasions, stated to multiple people that Haymaker "is done" in Culpeper and her office would not prosecute any cases involving Haymaker no matter how the Court ruled on the Commonwealth's Motion.

28.     On February 13, 2015, the Department provided Frederick with the results of its internal investigation into the January Complaint. The investigation exonerated Haymaker of two of the allegations and found the remaining allegation was not sustained.

29.     A hearing on the Commonwealth's Motion was heard on March 17, 2015 in the Culpeper Circuit Court. At that hearing, Catlett argued that granting the Commonwealth's Motion was necessary for the Commonwealth to comply with its obligations pursuant to Brady v. Maryland, 373 U.S. 83 (1963). During said hearing, Frederick sat beside Catlett and the two would confer throughout the course of the hearing.

30.     On March 17, 2015, Catlett admitted to the Court that her office failed to provide Hymes Video to defense counsel pursuant to Brady or the Rules of Discovery.

31.     On March 17, 2015, Catlett stated she did not provide the Hymes Video to defense counsel because a discovery order was not in place.

32.     On March 21, 2015, the Honorable Judge Susan Whitlock entered an Order denying the Commonwealth's Motion for reasons stated in the record on March 17, 2015. Specifically, the reasons stated were the Commonwealth's Motion was not supported by any statutory authority and there was no basis in law to support the Commonwealth's Motion.

33.     On March 26, 2015 the Defendants endorsed and sent a letter (hereinafter "March 26 Letter") to Chief Chris Jenkins of the Department stating:

    a. The Defendants would no longer prosecute any case that Haymaker "had any involvement in an investigation, no matter how slight";

-7-

b. "This office strives to embrace the highest standards of professional and personal conduct"; and

c. "As prosecutors, we are unanimous in our determination that it is not in the Commonwealth's best interest to utilize Detective Haymaker as a witness."

Plaintiff attaches a copy of the March 26th Letter as Exhibit "B."

34. From January 2015 to present, Frederick repeatedly advised multiple people that she and the other Defendants will decline to prosecute criminal cases involving Haymaker.

35. In 2015, the Defendants, either by moving to dismiss or by moving to *nolle prosequi*, have declined to prosecute at least six cases involving Haymaker. Of those cases, three cases involved alleged felony offenses.

## COUNT I - DEFAMATION (Against all Defendants)

36. The foregoing paragraphs are adopted and re-alleged as if fully set forth herein.

37. The Defendants made false and defamatory remarks regarding Haymaker, specifically regarding Haymaker's character, honesty, honor and integrity.

38. Between March 17, 2015 and March 26, 2015, Frederick made public statements that reasonably call the integrity of Haymaker into question.

39. On or about March 23, 2015, in response to Judge Whitlock's Order referenced in Paragraph 32, Frederick, through her promotional Facebook account, publicly stated "[w]e cannot excuse anyone - even those entrusted with a badge - from the scrutiny of the justice system when the circumstances call their actions, integrity, or

-8-

veracity in question." Frederick also stated "[m]embers of law enforcement who would attempt to intimidate prosecutors . . . are dishonoring the trust of citizens they are entrusted to serve."

40. The statement referenced in Paragraph 39 was a specific reference to Haymaker calling his "actions, integrity or veracity in question." In the alternative, this statement could reasonably be concluded as to be referring to Haymaker calling his "actions, integrity or veracity in question."

41. The Defendants defamed Haymaker in the March 26 Letter, a letter publicized to third parties. The March 26 Letter may reasonably be construed to disparage Haymaker by challenging Haymaker's professionalism, character and integrity.

42. The Defendants knew or should have known the March 26 Letter would be publicized.

43. Prior to the issuance of the March 26 Letter, the Defendants prosecuted criminal cases in the County of Culpeper whereupon the Commonwealth relied on testimony of law enforcement officer(s) who are recognized as "Brady Discoverable" witnesses.

44. After the issuance of the March 26th Letter, the Defendants continued to prosecute criminal cases in the County of Culpeper whereupon the Commonwealth relied on testimony of law enforcement officer(s) who are recognized as "Brady Discoverable" witnesses.

45. On June 23, 2015, The Daily Progress newspaper published a story regarding Haymaker wherein University of Virginia law professor Darryl Brown is quoted

saying he "could only speculate that the prosecutor must know of some very disturbing evidence about the officer's conduct" and "the commonwealth's attorney has apparently concluded the officer is so untrustworthy that she can't trust any evidence the officer is connected with."

46. On June 22, 2015, Frederick again posted a comment on her Facebook account regarding the Daily Progress article stating "[c]learly, folks who are not controlled by the good ole boys can speak the truth about the process. Thanks to this professor for his opinion, and the respect he has shown for all prosecutors across the nation." This statement was a specific reference to Haymaker depicting him as, or in the alternative, reasonably construed to disparage Haymaker as "untrustworthy" and to assert Frederick knows "of some very disturbing evidence" about Haymaker's conduct.

47. The Defendants had no factual basis upon which to question Haymaker's character, honesty, honor, integrity and reputation.

48. In making the defamatory statements regarding Haymaker, the Defendants acted willfully and maliciously.

49. In making the defamatory statements regarding Haymaker, the Defendants did not act in good faith.

50. As a result of the Defendants' actions, Haymaker has suffered damages, including, but not limited to emotional damage, suffering, mental anguish, damage to both Haymaker's personal and professional reputation, damage to Haymaker's reputation for character, honesty, honor and integrity as well as his standing in the community.

-10-

51. As a result of the Defendants' defamatory statements and actions, Haymaker was removed from the VSP Task Force and the Street Crimes Unit. The Department subsequently stripped Haymaker of his duties and title of Detective and demoted and/or reassigned Haymaker to a Patrol Officer.

### COUNT II - TORTIOUS INTERFERENCE (Against all Defendants)

52. The foregoing paragraphs are adopted and re-alleged as if fully set forth herein.

53. Haymaker was a non-probationary employee of the Department. As a non-probationary employee, Haymaker has a property interest in his employment with the Department.

54. As a non-probationary employee, Haymaker's property interest in his employment is protected by rights enumerated in the Constitution of the United States of America.

55. On multiple occasions, Frederick told others she wanted Haymaker removed from the Street Crimes Unit.

56. On multiple occasions, Frederick told people she wanted Haymaker off the VSP Task Force.

57. On multiple occasions, Frederick stated she did not want Haymaker employed as a law enforcement officer.

58. The Defendants sent the March 26 Letter in an attempt to remove Haymaker from the VSP Task Force.

59. The Defendants sent the March 26 Letter in an attempt to have the Department terminate Haymaker's employment.

60.     In response to the March 26 Letter, the Department requested clarification from the Defendants as to their refusal to prosecute any case involving Haymaker. Based upon information and belief, none of the Defendants responded to the Department's request.

61.     On April 15, 2015, Frederick sent an email to Ray F. Morrogh, the Commonwealth's Attorney for the City of Fairfax, seeking to advice regarding her decision not to prosecute any cases involving Haymaker. In response, Morrough stated "[b]ottom line-unless you have rock solid evidence [Haymaker] is not credible witness you will have problems here." Even after Morrogh's response, the Defendants refused to prosecute any cases involving Haymaker.

62.     Morrogh's response to Frederick should have placed Frederick and the other Defendants on notice that they were tortiously interfering with Haymaker's employment by refusing to prosecute any of Haymaker's cases.

63.     On April 19, 2015, Virginia State Police Captain Settle issued a letter to Chief Jenkins rescinding Haymaker's  Special State Police Authority as a result of the March 26 Letter. Attached as Exhibit "C" is a copy of the letter dated April 19, 2015.

64.     On April 30, 2015, the Department demoted and/or reassigned Haymaker to a Patrol Officer.

65.     On or about May 12, 2015, Frederick again advised the Culpeper Town Manager and the Culpeper Town Attorney she would not use Haymaker as a witness regardless of any additional training or assignment.

66.     Prior to the issuance of the March 26 Letter, the Defendants prosecuted criminal cases in the County of Culpeper whereupon the Commonwealth relied on

testimony of law enforcement officer(s) who are recognized as "Brady Discoverable" witnesses.

67.    After the issuance of the March 26th Letter, the Defendants continued to prosecute criminal cases in the County of Culpeper whereupon the Commonwealth relied on testimony of law enforcement officer(s) who are recognized as "Brady Discoverable" witnesses.

68.    The Defendants, willfully and maliciously, without good cause and in bad faith, declined to prosecute at least six of Haymaker's cases in 2015 either by moving to dismiss or by moving to *nolle prosequi.*

69.    The Defendants moved to dismiss or moved to *nolle prosequi* Haymaker's cases in an attempt to remove Haymaker from the VSP Task Force and to force the Department to terminate Haymaker's employment.

70.    The Defendants acted with actual malice and their actions or inactions constitute improper methods. The Defendants did not act in good faith.

71.    As a direct and proximate result of the Defendant's actions, Haymaker suffered damages, including, but not limited to, emotional damage, suffering, mental anguish, removal from the VSP Task Force as well as the Street Crimes Unit, loss of his title and duties as a Detective, and his subsequent demotion and/or reassignment to Patrol.

## COUNT III - Conspiracy 3 (Against all Defendants)

72.    The foregoing paragraphs are adopted and re-alleged as if fully set forth herein.

73. The Defendants acted in concert to damage Haymaker's reputation and profession in violation of common law conspiracy as well as in violation of Virginia Code § 18.2-499. Such actions include, but are not limited to:

a. Defaming Haymaker's reputation;

b. Drafting, endorsing and sending the March 26 Letter;

c. Refusing to prosecute any cases involving Haymaker;

d. Moving to dismiss or moving to to *nolle prosequi* Haymaker's cases;

e. Failing to comply with the duties of a Commonwealth's Attorney as enumerated by the Code of Virginia.

74. At all times material hereto, the Defendants acted with malice or reckless indifference to Haymaker's rights, and knew or should have known their actions violated § 18.2-499 of the Code of Virginia, so as to support an award of liquidated and/or punitive damages.

75. As a direct and proximate result of the Defendant's actions, Haymaker suffered damages, including, but not limited to, removal from the VSP Task Force as well as the Street Crimes Unit, loss of his title and duties as a Detective, and his subsequent demotion and/or reassignment to Patrol.

**COUNT IV - Violation of 42 U.S.C. § 1983 (Against Frederick and Catlett)**

76. The foregoing paragraphs are adopted and re-alleged as if fully set forth herein.

77. Catlett and Frederick conspired with the other Defendants to violate Haymaker's rights and privileges as a law enforcement officer.

78. Catlett and Frederick willfully and maliciously acted to deprive Haymaker of his employment because Haymaker exercised his rights by challenging the Commonwealth's Motion.

79. Catlett and Frederick acted under the color of law.

80. At all times material hereto, Catlett and Frederick acted with malice or reckless indifference to Haymaker's rights, and knew or should have known their actions violated federal law, so as to support an award of liquidated and/or punitive damages.

81. As a direct and proximate result of Catlett and Frederick's actions, Haymaker suffered damages, including, but not limited to, removal from the VSP Task Force as well as the Street Crimes Unit, loss of his title and duties as a Detective, and his subsequent demotion and/or reassignment to Patrol.

WHEREFORE, for the foregoing reasons Plaintiff Matthew J. Haymaker prays as follows:

1. Pursuant to Counts I and II, for judgment against Defendants, jointly and severally, for liquidated and/or punitive damages in the amount of $200,000.00; pre-judgment interest; his reasonable costs; all other relief available at law, and for such other further relief as may be just and equitable;

2. Pursuant to Count III, for judgment against Defendants, jointly and severally, for liquidated and/or punitive damages in the amount of $100,000.00; pre-judgment interest; his reasonable costs and attorney's fees; all other relief available at law, and for such other further relief as may be just and equitable;

3. Pursuant to Count IV, for judgment against Defendants Catlett and Frederick, jointly and severally, for liquidated and/or punitive damages in the amount

of $50,000.00; pre-judgment interest; his reasonable costs and attorney's fees; all other relief available at law, and for such other further relief as may be just and equitable;

TRIAL BY JURY IS DEMANDED.

Respectfully Submitted,

MATTHEW J. HAYMAKER
By Counsel

By _____
Andrew D. Meyer, VA Bar #82425
*Counsel for the Plaintiff*
ameyer@meyerlegalservices.com
P.O. Box 14543
Richmond, VA 23221
(804) 358-2909 phone
(757) 257-0063 fax

By ___/s/ T.J. O'Brien_____
T.J. O'Brien, VA Bar #82476
*Counsel for the Plaintiff*
tj@tjobrienlaw.com
P.O. Box 942
Abingdon, Virginia 24212
(276) 821-8399 phone
(276) 229-3011 fax

**Certificate of Delivery**

I, Andrew D. Meyer, counsel for the plaintiff, certify that on this 19th day of August 2015, a true and correct copy of the above and foregoing was mailed, postage prepaid, to Megan R. Frederick, Esq., Angela D. Catlett, Esq., Jonathan B. Slater, Esq., Wade Gelbert, Esq., Thomas G. Smith, Esq, and Justin W. Witt, Esq., of the Culpeper Office of the Commonwealth's Attorney, 118 West Davis Street, Suite 102, Culpeper, Virginia 22701, via U.S. Postal Service.

Andrew D. Meyer

-16-

Feb. 10. 2015  2:42PM     ~~MONWEALTH'S ATTORNEY~~

*EXHIBIT A*

VIRGINIA: IN THE CIRCUIT COURT OF CULPEPER COUNTY

Filed to Culpeper County
Circuit Court Clerk's
Office _____ 20 ___
_____ Deputy
                        Clerk

COMMONWEALTH OF VIRGINIA

v.                                                     Case No: CR14-273-01

STEVEN WRIGHT

## NOTICE AND MOTION TO ORDER DISCLOSURE

COMES NOW the Commonwealth, by her Deputy Commonwealth's Attorney, and gives notice that on February 17, 2015 at 9:30 a.m., or as soon thereafter as may be heard, the Commonwealth will request this Court to order the Culpeper Town Police Department ("Department") to release the Internal Affairs investigation file of Detective M.J. Haymaker to the Office of the Commonwealth's Attorney for inspection and review and in support thereof states as follows:

Upon information and belief, the Commonwealth has received information that a human relations and improper documentation complaint was sustained against Detective M.J. Haymaker and has concerns regarding allegations of improper investigatory methods specifically involving Detective M.J. Haymaker. In turn, it is reported that Internal Affair (IA) Investigations were and are being conducted. Upon request by the Commonwealth's Attorney to view those files for potential exculpatory and/or impeachment evidence, the Department has refused to allow inspection and review of the detective's Internal Affairs file.

The Commonwealth, in order to comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1973) and those cases interpreting that opinion, is left with no choice but to ask this Court to order production of the file.[1] The duty to disclose evidence favorable to an accused is

---

[1] The Commonwealth is unable to file a Subpoena Duces Tecum for the information, as the Culpeper Town Police Department is the agency who investigated and charged Mr. Wright, and as such, is a party to the criminal case. Pursuant to Supreme Court Rule 3A:12 and Ramirez v.

applicable even though there has been no request by an accused. <u>United States v. Agurs</u>, 427 U.S. 97, 107 (1976). This duty encompasses impeachment evidence as well as exculpatory evidence. <u>United States v. Bagley</u>, 473 U.S. 667, 676 (1985). In order to comply with <u>Brady</u> requirements, the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in this case, including the police. <u>Kyles v. Whitley</u>, 514 U.S. 419, 437 (1995). The Court has recognized that a prosecutor's role transcends that of an adversary: he is the representative not of an ordinary party to a controversy, but of a sovereignty, whose interest in a criminal prosecution is not that it shall win a case, but that justice shall be done. <u>Berger v. United States</u>, 295 U.S. 78, 88 (1935).

In order to determine what, if any, exculpatory or impeachment evidence is included in the Internal Affairs investigation files, including but not limited to the human relations, improper documentation dispositions and potential improper investigatory methods, the Commonwealth must review the actual file. Despite repeated requests to review this file, the Department has refused to make this file available to the Office of the Commonwealth's Attorney. The Commonwealth respectfully requests this Court order production of this Internal Affairs investigative file so that the Commonwealth may review the file pursuant to her duties and make any necessary disclosures.

Respectfully submitted,

Angela D. Catlett
Deputy Commonwealth's Attorney

---

<u>Commonwealth</u>, 20 Va. App. 292 (1995), a Subpoena Duces Tecum may not be directed to a party to the case. As defense counsel representing Mr. Wright works under the practice that this Commonwealth's Attorney Office does not regularly require full discovery orders to obtain any documentation, and with the complication that one IA investigation is complete, while another is not, the Commonwealth has filed this motion to comply with her duties.

## Certificate of Service

I certify that a true copy of this Notice and Motion was delivered by electronic mail and first class mail to Ryan Rakness, counsel for defendant, and Martin Crim, Attorney for the Town of Culpeper Police Department, via facsimile, on this 10th day of February, 2015.

Angela D. Catlett
Deputy Commonwealth's Attorney

-19-

*Exhibit B*

COMMONWEALTH OF VIRGINIA



ANGELA D. CATLETT, DEPUTY
JONATHAN B. SLATER, SENIOR ASSISTANT
THOMAS G. SMITH, ASSISTANT
WADE A. GELBERT, ASSISTANT
JUSTIN W. WITT, ASSISTANT

JENNIFER L. GRIGSBY, EXECUTIVE LEGAL SECRETARY
SHANNON L. FOX, LEGAL SECRETARY
CAITLIN R. SETTLE, LEGAL SECRETARY

## MEGAN R. FREDERICK, COMMONWEALTH'S ATTORNEY

March 26, 2015

Chris Jenkins
Chief of Police
740 Old Brandy Road
Culpeper, VA 22701

         *Re: Detective Haymaker*

Dear Chief Jenkins:

This letter will confirm that the Commonwealth's Attorney's office, from this date forward, will decline to prosecute criminal cases involving Detective Haymaker.

We will proceed on certain cases in which Detective Haymaker's involvement was not material to the investigation or prosecution. Moving forward, however, Detective Haymaker's involvement in an investigation, no matter how slight, will result in our declining to prosecute the case.

This office strives to embrace the highest standards of professional and personal conduct. As prosecutors, we are unanimous in our determination that it is not in the Commonwealth's best interest to utilize Detective Haymaker as a witness.

With kind regards,

                         Yours truly,

Megan R. Frederick
Commonwealth's Attorney

Wade A. Gelbert
Assistant Commonwealth's Attorney

Angela D. Catlett
Deputy Commonwealth's Attorney

Thomas G. Smith
Assistant Commonwealth's Attorney

Jonathan B. Slater
Senior Assistant Commonwealth's Attorney

Justin W. Witt
Assistant Commonwealth's Attorney

Filed to Culpeper County
Circuit Court Clerk's
Office _____ 20 ___
_____ Deputy Clerk

OFFICE OF THE COMMONWEALTH'S ATTORNEY, CULPEPER COUNTY
118 W. DAVIS STREET, SUITE 102, CULPEPER, VIRGINIA 22701
PHONE: 540-727-3441  FACSIMILE: 540-727-3476

-20-



*Exhibit C*

# COMMONWEALTH OF VIRGINIA

Colonel W. S. (Steve) Flaherty
Superintendent

(804) 674-2000

Lt. Colonel Robert B. Northern
Deputy Superintendent

## DEPARTMENT OF STATE POLICE

Bureau of Criminal Investigation

15148 State Police Road, Culpeper, VA 22701

(540) 829-7400

April 19, 2015

Chris Jenkins
Chief of Police
Culpeper Police Department
740 Old Brandy Road
Culpeper, Virginia 22701



Filed to Culpeper County
Circuit Court Clerk's
Office _____ 20 ___
_____ Deputy
Clerk

Dear Chief Jenkins,

On January 15, 2015, I rescinded the Special State Police Authority status of Detective Matthew J. Haymaker. This was confirmed in my letter to you, dated January 22, 2015.

On November 18, 2014, Detective Haymaker was granted Special State Police Authority during his assignment with the Blue Ridge Narcotics and Gang Task Force. His authority was rescinded by me pending an internal investigation by your agency. I have been informed by Major Chris Settle, of your agency, that the internal investigation has concluded. Major Settle has since advised that Detective Haymaker will continue in his capacity as a sworn law enforcement officer with your agency. Major Settle recently provided a letter, dated March 26, 2015, from the Honorable Megan R. Frederick, Commonwealth's Attorney for Culpeper County. In the letter, Ms. Frederick states that her office "will decline to prosecute criminal cases involving Detective Haymaker." She further states, "Detective Haymaker's involvement in an investigation, no matter how slight, will result in our declining to prosecute the case."

I am aware that the decision by Ms. Frederick remains controversial to many. I have considered all options regarding Detective Haymaker's status. However, the overall interest of the task force and validity of task force investigations remain paramount. I value our partnership on the Blue Ridge Narcotics and Gang Task Force and the relationship our agencies have had for many years. Unfortunately, given the current situation, it is in the best interest of all participating agencies to permanently rescind Detective Matthew Haymaker's Special State Police Authority, effective this date.

Chief Chris Jenkins
April 19, 2015
Page 2

I anticipate having further discussion with you about this matter.  In the meantime, please feel free to contact me should you have any questions.

Sincerely,

Captain Gary T. Settle
Division Commander
BCI Culpeper Field Office


C.c. – Lieutenant Colonel Herman C. Davis, Director, Bureau of Criminal Investigation

# *Andrew D. Meyer, Attorney at Law*

P.O. Box 14543
Richmond, Virginia 23221
ameyer@meyerlegalservices.com
(804) 358-2909 phone
(757) 257-0063 fax

August 19, 2015

Hon. Janice J. Corbin
Clerk, Culpeper Circuit Court
135 W. Cameron Street
Culpeper, Virginia 22701-3097

      Re:    Filing of Complaint

Dear Ms. Corbin,

      I trust this correspondence finds you well. Enclosed please find an original Complaint, which I ask to be filed with the Court. Also enclosed please find six copies of the same, as well as a check in the amount of $371.00 representing the filing fee and fee for the requisite service of process. Thank you for your time and attention and please do not hesitate to contact my office with any questions or concerns.

Regards,

Andrew D. Meyer, Esq.

```
VALIDATE CASE PAPERS
RCPT : 15000011461
DATE : 08/20/15 TIME: 14:54
CASE : 047CL15000810-00
ACCT : HAYMAKER, MATTHEW J
AMT. :        $371.00
```

cc:    Megan R. Frederick, Commonwealth's Attorney
        Angela D. Catlett, Deputy Commonwealth's Attorney
        Jonathan B. Slater, Senior Assistant Commonwealth's Attorney
        Wade A. Gelbert, Assistant Commonwealth's Attorney
        Thomas G. Smith, Assistant Commonwealth's Attorney
        Justin W. Witt, Assistant Commonwealth's Attorney

# COMMONWEALTH OF VIRGINIA



CULPEPER CIRCUIT COURT
Civil Division
135 W CAMERON ST
CULPEPER VA 22701

Summons

To: MEGAN R FREDERICK
COMMONWEALTH'S ATTORNEY FOR
CULPEPER COUNTY
118 WEST DAVIS STREET
SUITE 102
CULPEPER VA 22701

Case No. 047CL15000810-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Monday, August 24, 2015

Clerk of Court: JANICE J. CORBIN

by _____ Glauys Broram _____
(CLERK/DEPUTY CLERK )

Instructions:

Hearing Official:

Attorney's name:   MEYER, ANDREW D
P.O. BOX 14543
RICHMOND VA 23221

-24-

# COMMONWEALTH OF VIRGINIA



CULPEPER CIRCUIT COURT
Civil Division
135 W CAMERON ST
CULPEPER  VA  22701

Summons

To: ANGELA D CATLETT
DEPUTY COMMONWEALTH'S ATTORNEY
118 WEST DAVIS STREET
SUITE 102
CULPEPER VA 22701

Case No. 047CL15000810-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Monday, August 24, 2015

Clerk of Court:  JANICE J. CORBIN

by _____Gladys Bowman_____
(CLERK/DEPUTY CLERK )

Instructions:


Hearing Official:


Attorney's name:    MEYER, ANDREW D
                    P.O. BOX 14543
                    RICHMOND VA 23221              −25−

# COMMONWEALTH OF VIRGINIA



CULPEPER CIRCUIT COURT
Civil Division
135 W CAMERON ST
CULPEPER VA 22701

Summons

To: JONATHAN B SLATER
SENIOR ASSISTANT
COMMONWEALTH'S ATTORNEY
118 WEST DAVIS STREET
SUITE 102
CULPEPER VA 22701

Case No. 047CL15000810-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Monday, August 24, 2015

Clerk of Court: JANICE J. CORBIN

by _____
(CLERK/DEPUTY CLERK )

Instructions:

Hearing Official:

Attorney's name:  MEYER, ANDREW D
P.O. BOX 14543
RICHMOND VA 23221                    –26–

# COMMONWEALTH OF VIRGINIA



## CULPEPER CIRCUIT COURT
Civil Division
135 W CAMERON ST
CULPEPER VA 22701

Summons

To: WADE A GELBERT
ASSISTANT COMMONWEALTH'S
ATTORNEY
118 WEST DAVIS STREET
SUITE 102
CULPEPER VA 22701

Case No. 047CL15000810-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Monday, August 24, 2015

Clerk of Court: JANICE J. CORBIN

by _____
(CLERK/DEPUTY CLERK)

Instructions:



Hearing Official:



Attorney's name:    MEYER, ANDREW D
P.O. BOX 14543
RICHMOND VA 23221                    −27−

# COMMONWEALTH OF VIRGINIA



CULPEPER CIRCUIT COURT
Civil Division
135 W CAMERON ST
CULPEPER VA 22701

Summons

To: THOMAS G SMITH
ASSISTANT COMMONWEALTH'S
ATTORNEY
118 WEST DAVIS STREET
SUITE 102
CULPEPER VA 22701

Case No. 047CL15000810-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Monday, August 24, 2015

Clerk of Court: JANICE J. CORBIN

by _____
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Attorney's name:   MEYER, ANDREW D
                   P.O. BOX 14543          -28-
                   RICHMOND VA 23221

# COMMONWEALTH OF VIRGINIA



## CULPEPER CIRCUIT COURT
Civil Division
135 W CAMERON ST
CULPEPER  VA  22701

Summons

To: JUSTIN W WITT
ASSISTANT COMMONWEALTH'S
ATTORNEY
118 WEST DAVIS STREET
SUITE 102
CULPEPER VA 22701

Case No. 047CL15000810-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Monday, August 24, 2015

Clerk of Court: JANICE J. CORBIN

by _____
(CLERK/DEPUTY CLERK )

Instructions:

Hearing Official:

Attorney's name:    MEYER, ANDREW D
                    P.O. BOX 14543          -29-
                    RICHMOND VA 23221

# COVER SHEET FOR FILING CIVIL ACTIONS

COMMONWEALTH OF VIRGINIA

Case No. .......2015-L-810.......

(CLERK'S OFFICE USE ONLY)

.............Culpeper............. Circuit Court

.......Matthew J. Haymaker....... v./*In re:* .......Megan R. Frederick, et al.......

PLAINTIFF(S)                                    DEFENDANT(S)

I, the undersigned [X] plaintiff [ ] defendant [ ] attorney for [ ] plaintiff [ ] defendant hereby notify the Clerk of Court that I am filing the following civil action. (Please indicate by checking box that most closely identifies the claim being asserted or relief sought.)

## GENERAL CIVIL

**Subsequent Actions**
[ ] Claim Impleading Third Party Defendant
  [ ] Monetary Damages
  [ ] No Monetary Damages
[ ] Counterclaim
  [ ] Monetary Damages
  [ ] No Monetary Damages
[ ] Cross Claim
[ ] Interpleader
[ ] Reinstatement (other than divorce or driving privileges)
[ ] Removal of Case to Federal Court

**Business & Contract**
[ ] Attachment
[ ] Confessed Judgment
[ ] Contract Action
[ ] Contract Specific Performance
[ ] Detinue
[ ] Garnishment

**Property**
[ ] Annexation
[ ] Condemnation
[ ] Ejectment
[ ] Encumber/Sell Real Estate
[ ] Enforce Vendor's Lien
[ ] Escheatment
[ ] Establish Boundaries
[ ] Landlord/Tenant
  [ ] Unlawful Detainer
[ ] Mechanics Lien
[ ] Partition
[ ] Quiet Title
[ ] Termination of Mineral Rights

**Tort**
[ ] Asbestos Litigation
[ ] Compromise Settlement
[X] Intentional Tort
[ ] Medical Malpractice
[ ] Motor Vehicle Tort
[ ] Product Liability
[ ] Wrongful Death
[ ] Other General Tort Liability

## ADMINISTRATIVE LAW

[ ] Appeal/Judicial Review of Decision of (select one)
  [ ] ABC Board
  [ ] Board of Zoning
  [ ] Compensation Board
  [ ] DMV License Suspension
  [ ] Employee Grievance Decision
  [ ] Employment Commission
  [ ] Local Government
  [ ] Marine Resources Commission
  [ ] School Board
  [ ] Voter Registration
  [ ] Other Administrative Appeal

## DOMESTIC/FAMILY

[ ] Adoption
  [ ] Adoption – Foreign
[ ] Adult Protection
[ ] Annulment
  [ ] Annulment – Counterclaim/Responsive Pleading
[ ] Child Abuse and Neglect – Unfounded Complaint
[ ] Civil Contempt
[ ] Divorce (select one)
  [ ] Complaint – Contested*
  [ ] Complaint – Uncontested*
  [ ] Counterclaim/Responsive Pleading
  [ ] Reinstatement – Custody/Visitation/Support/Equitable Distribution
[ ] Separate Maintenance
  [ ] Separate Maintenance Counterclaim

## WRITS

[ ] Certiorari
[ ] Habeas Corpus
[ ] Mandamus
[ ] Prohibition
[ ] Quo Warranto

## PROBATE/WILLS AND TRUSTS

[ ] Accounting
[ ] Aid and Guidance
[ ] Appointment (select one)
  [ ] Guardian/Conservator
  [ ] Standby Guardian/Conservator
  [ ] Custodian/Successor Custodian (UTMA)
[ ] Trust (select one)
  [ ] Impress/Declare
  [ ] Reformation
[ ] Will (select one)
  [ ] Construe
  [ ] Contested

## MISCELLANEOUS

[ ] Appointment (select one)
  [ ] Church Trustee
  [ ] Conservator of Peace
  [ ] Marriage Celebrant
[ ] Bond Forfeiture Appeal
[ ] Declaratory Judgment
[ ] Declare Death
[ ] Driving Privileges (select one)
  [ ] Reinstatement pursuant to § 46.2-427
  [ ] Restoration – Habitual Offender or 3rd Offense
[ ] Expungement
[ ] Firearms Rights – Restoration
[ ] Forfeiture of U.S. Currency
[ ] Freedom of Information
[ ] Injunction
[ ] Interdiction
[ ] Interrogatory
[ ] Judgment Lien-Bill to Enforce
[ ] Law Enforcement/Public Official Petition
[ ] Name Change
[ ] Referendum Elections
[ ] Sever Order
[ ] Taxes (select one)
  [ ] Correct Erroneous State/Local
  [ ] Delinquent
[ ] Vehicle Confiscation
[ ] Voting Rights – Restoration
[ ] Other (please specify)

[X] Damages in the amount of $ ......350,000.00...... are claimed.

......August 20, 2015......
DATE

[ ] PLAINTIFF   [ ] DEFENDANT   [■] ATTORNEY FOR   [■] PLAINTIFF   [ ] DEFENDANT

......Andrew D. Meyer......
PRINT NAME

......1205 West Main Street, Suite 204......
ADDRESS/TELEPHONE NUMBER OF SIGNATOR

......Richmond, Virginia 23220......

......ameyer@meyerlegalservices.com......
EMAIL ADDRESS OF SIGNATOR (OPTIONAL)

*"Contested" divorce means any of the following matters are in dispute: grounds of divorce, spousal support and maintenance, child custody and/or visitation, child support, property distribution or debt allocation. An "Uncontested" divorce is filed on no fault grounds and none of the above issues are in dispute.

FORM CC-1416 (MASTER) PAGE ONE 10/14

# COMMONWEALTH OF VIRGINIA



## CULPEPER CIRCUIT COURT
Civil Division
135 W CAMERON ST
CULPEPER  VA  22701

Proof of Service

Virginia:
  In the CULPEPER CIRCUIT COURT

Case number: 047CL15000810-00
Service number: 001
Service filed: August 20, 2015
Judge:

Served by: CULPEPER COUNTY
Style of case: MATTHEW J HAYMAKER  vs FREDERICK, MEGAN R; COMMONWEAL
Service on: MEGAN R FREDERICK
        COMMONWEALTH'S ATTORNEY FOR
        CULPEPER COUNTY
        118 WEST DAVIS STREET
        SUITE 102
        CULPEPER VA 22701

Attorney: MEYER, ANDREW D
        P.O. BOX 14543
        RICHMOND VA 23221

Instructions:

Returns shall be made hereon, showing service of Summons issued Monday, August 24, 2015 with a copy of the Complaint filed Thursday, August 20, 2015 attached.

Hearing date   :
Service issued: Monday, August 24, 2015



-31-

# CO MONWEALTH OF VIRG IA



## CULPEPER CIRCUIT COURT
Civil Division
135 W CAMERON ST
CULPEPER VA 22701

Proof of Service

Virginia:
In the CULPEPER CIRCUIT COURT

Case number: 047CL15000810-00
Service number: 002
Service filed: August 20, 2015

Served by: CULPEPER COUNTY                                        Judge:
Style of case: MATTHEW J HAYMAKER  vs FREDERICK, MEGAN R; COMMONWEAL
Service on: ANGELA D CATLETT                    Attorney: MEYER, ANDREW D
    DEPUTY COMMONWEALTH'S ATTORNEY         P.O. BOX 14543
    118 WEST DAVIS STREET                  RICHMOND VA 23221
    SUITE 102
    CULPEPER VA 22701

Instructions:

Returns shall be made hereon, showing service of Summons issued Monday, August 24, 2015 with a copy of the Complaint filed Thursday, August 20, 2015 attached.

Hearing date  :
Service issued:  Monday, August 24, 2015

For Sheriff Use Only



-32-



# CO MONWEALTH OF VIRG IIA



CULPEPER CIRCUIT COURT
Civil Division
135 W CAMERON ST
CULPEPER VA 22701

Proof of Service

Virginia:
In the CULPEPER CIRCUIT COURT

Case number: 047CL15000810-00
Service number: 003
Service filed: August 20, 2015

Served by: CULPEPER COUNTY
Style of case: MATTHEW J HAYMAKER  vs FREDERICK, MEGAN R; COMMONWEAL

Judge:

Service on: JONATHAN B SLATER
SENIOR ASSISTANT
COMMONWEALTH'S ATTORNEY
118 WEST DAVIS STREET
SUITE 102
CULPEPER VA 22701

Attorney: MEYER, ANDREW D
P.O. BOX 14543
RICHMOND VA 23221

Instructions:

Returns shall be made hereon, showing service of Summons issued Monday, August 24, 2015 with a copy of the Complaint filed Thursday, August 20, 2015 attached.

Hearing date   :
Service issued: Monday, August 24, 2015

For Sheriff Use Only

Name:

Address:

CHECK BOX IF ADDRESS IS SAME AS FRONT:

( ) PERSONAL SERVICE

( ) Being unable to make personal service, a copy was delivered in the following manner.

( ) Delivered to person found in charge of usual place of business or employment during business hours and giving information of it's purport.  Name:

( ) Not Found

SERVING DEPUTY

DATE          FOR          SCOTT H. JENKINS
SHERIFF, COUNTY OF CULPEPER, VIRGINIA

# COMMONWEALTH OF VIRGINIA



CULPEPER CIRCUIT COURT
Civil Division
135 W CAMERON ST
CULPEPER  VA  22701

Proof of Service

Virginia:
  In the CULPEPER CIRCUIT COURT

Case number: 047CL15000810-00
Service number: 004
Service filed: August 20, 2015
Judge:

Served by: CULPEPER COUNTY
Style of case: MATTHEW J HAYMAKER  vs FREDERICK, MEGAN R; COMMONWEAL
Service on: WADE A GELBERT
        ASSISTANT COMMONWEALTH'S
        ATTORNEY
        118 WEST DAVIS STREET
        SUITE 102
        CULPEPER VA 22701

Attorney: MEYER, ANDREW D
        P.O. BOX 14543
        RICHMOND VA 23221

Instructions:

Returns shall be made hereon, showing service of Summons issued Monday, August 24, 2015 with a copy of the Complaint filed Thursday, August 20, 2015 attached.

Hearing date  :
Service issued: Monday, August 24, 2015

For Sheriff Use Only

Name: Wade Gelbert
Address: _____

CHECK BOX IF ADDRESS IS SAME AS FRONT: ☒

(  ) PERSONAL SERVICE  Time (___) _____

( ) Being unable to make personal service, a copy
    was delivered in the following manner.

( ) Delivered to person found in charge of usual
    place of business or employment during
    business hours and giving information of it's
    purport. Name: Angela Cofler

(  ) Not Found   Asst. C/A (Bm Taylor)

SERVING DEPUTY

8/25/15   FOR   SCOTT H. JENKINS
DATE      SHERIFF, COUNTY OF CULPEPER, VIRGINIA

2015 AUG 26  AM 9: 30

-34-

# CO MONWEA136H OF VIRG IIA



### CULPEPER CIRCUIT COURT
Civil Division
135 W CAMERON ST
CULPEPER  VA  22701

Proof of Service

Virginia:
In the CULPEPER CIRCUIT COURT

Case number: 047CL15000810-00
Service number: 005
Service filed: August 20, 2015

Served by: CULPEPER COUNTY

Judge:

Style of case: MATTHEW J HAYMAKER  vs FREDERICK, MEGAN R; COMMONWEAL

Service on: THOMAS G SMITH
ASSISTANT COMMONWEALTH'S
ATTORNEY
118 WEST DAVIS STREET
SUITE 102
CULPEPER VA 22701

Attorney: MEYER, ANDREW D
P.O. BOX 14543
RICHMOND VA 23221

Instructions:

Returns shall be made hereon, showing service of Summons issued Monday, August 24, 2015 with a copy of the Complaint filed Thursday, August 20, 2015 attached.

Hearing date   :

Service issued:  Monday, August 24, 2015

For Sheriff Use Only

Name: Thomas Smith

Address: S of

CHECK BOX IF ADDRESS IS SAME AS FRONT: ☑

( ) PERSONAL SERVICE  Tel. No. (___) ___

(N) Being unable to make personal service, a copy was delivered in the following manner.

(N) Delivered to person found in charge of usual place of business or employment during business hours and giving information of it's purport. Name: Angela Cutlett

( ) Not Found   Asst CA (Kim Taylor)

SERVING DEPUTY

8/25/15  FOR  SCOTT H. JENKINS
DATE        SHERIFF, COUNTY OF CULPEPER. VIRGINIA

2015 AUG 26  AM 9: 30

CIRCUIT COURT CLERK'S OFFICE
CULPEPER, VIRGINIA

−35−

# COMMONWEALTH OF VIRGINIA



CULPEPER CIRCUIT COURT
Civil Division
135 W CAMERON ST
CULPEPER  VA  22701

Proof of Service

Virginia:
In the CULPEPER CIRCUIT COURT

Case number: 047CL15000810-00
Service number: 006
Service filed: August 20, 2015
Judge:

Served by: CULPEPER COUNTY
Style of case: MATTHEW J HAYMAKER  vs FREDERICK, MEGAN R; COMMONWEAL
Service on: JUSTIN W WITT
ASSISTANT COMMONWEALTH'S
ATTORNEY
118 WEST DAVIS STREET
SUITE 102
CULPEPER VA 22701

Attorney: MEYER, ANDREW D
P.O. BOX 14543
RICHMOND VA 23221

Instructions:

Returns shall be made hereon, showing service of Summons issued Monday, August 24, 2015 with a copy of the Complaint filed Thursday, August 20, 2015 attached.

Hearing date   :
Service issued:  Monday, August 24, 2015



-36-

VIRGINIA:

IN THE CIRCUIT COURT FOR THE COUNTY OF CULPEPER

| | |
|---|---|
| MATTHEW J. HAYMAKER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Case No. 2015-L-810 |
| ) | |
| MEGAN R. FREDERICK, et al., ) | |
| ) | |
| Defendants. ) | |

## MOTION CRAVING OYER

COMES NOW, the defendants, Megan R. Frederick, Angela D. Catlett, Jonathan B. Slater, Wade A. Gelbert, Thomas G. Smith, and Justin W. Witt (collectively, "the Defendants"), by counsel, and crave oyer of certain writings relied upon by the plaintiff, Matthew J. Haymaker, in the Complaint, for the reasons that follow:

1.      "In modern day practice, a motion to crave oyer is a request of the Court to require that a document sued upon, or a collateral document which is necessary to the Plaintiff's claim, be treated as though it were part of the Plaintiff's pleadings." *Ragone v. Waldvogel*, 54 Va. Cir. 581, 582 (Va. Cir. Ct. 2001) (citing *Burton v. F. A. Seifert & Co.*, 108 Va. 338, 350, 61 S.E. 933 (1908) and *Sjolinder v. Am. Enterprise Solutions, Inc.*, 51 Va. Cir. 436 (2000)). "A defendant can crave oyer of all documents that form the basis of the plaintiff's claim. . . . '[A] litigant has no right to put blinders on the court and attempt to restrict its vision to only such parts of the record as the litigant thinks tend to support his view.'" *Sjolinder*, 51 Va. Cir. at 437 (quoting *Culpeper Nat'l Bank v. Morris*, 168 Va. 379, 382–83, 191 S.E. 764 (Va. 1937)).

2.      The Complaint expressly relies upon portions of the following writings in support of the claims asserted therein:

FILED

2015 SEP 15  AM 10: 32

CIRCUIT COURT CLERK'S O..
..ER, VIRGINIA
..M SMITH

1

*37*

a. The written results of the internal affairs investigation of Haymaker (Compl. ¶ 28);

b. The March 24, 2015, post appearing on the "Friends for Megan Frederick" Facebook page quoted in Paragraph 34 of the Complaint;

c. The June 23, 2015, post appearing on the "Friends for Megan Frederick" Facebook page quoted in Paragraph 46 of the Complaint;

d. The Daily Progress news story dated June 23, 2015, quoted in Paragraph 45 of the Complaint;

e. The email communication between Megan R. Frederick and Ray Morrogh quoted in Paragraph 61 of the Complaint;

3. The plaintiff should not be permitted to rely on the language he deems favorable to his claims against the Defendants without incorporating a true and complete copy of these documents into the pleadings.

4. The Defendants have been materially and unduly prejudiced in the preparation of their defense to this action as a result of the plaintiff's failure to incorporate complete copies of the various writings relied upon in support of his claims.

5. The Defendants crave oyer of each of the foregoing documents.

WHEREFORE, the defendants, Megan R. Frederick, Angela D. Catlett, Jonathan B. Slater, Wade A. Gelbert, Thomas G. Smith, and Justin W. Witt, by counsel, prays that this Court enter an Order granting the instant motion; directing the plaintiff to file a copy of each of the documents enumerated above; deeming each of these documents incorporated by reference into the Complaint as if set forth fully therein; and for such further relief as this Court deems just and proper.

2

Respectfully submitted,

MEGAN R. FREDERICK
ANGELA D. CATLETT
JONATHAN B. SLATER
WADE A GELBERT
THOMAS G. SMITH
JUSTIN W. WITT

By: _____
Counsel

William W. Tunner (VSB No. 38358)
Michael G. Matheson (VSB No. 82391)
Thompson McMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
Tel.: (804) 698-5933
Fax.: (804) 780-1813
wtunner@t-mlaw.com
mmatheson@t-mlaw.com
*Counsel for Megan R. Frederick, Angela D. Catlett, Jonathan B. Slater, Wade A. Gelbert, Thomas G. Smith, and Justin W. Witt*

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon the following counsel of record this 14th day of September, 2015, via first-class mail, postage prepaid:

Andrew D. Meyer
P.O. Box 14543
Richmond, Virginia 23221

T.J. O'Brien
P.O. Box 942
Abingdon, Virginia 24212

4

40

VIRGINIA:

IN THE CIRCUIT COURT FOR THE COUNTY OF CULPEPER

MATTHEW J. HAYMAKER,                 )
                                     )
                    Plaintiff,       )
v.                                   )          Civil Case No. 2015-L-810
                                     )
MEGAN R. FREDERICK, et al.,          )
                                     )
                    Defendants.      )

## DEMURRER

COMES NOW, the defendants, Megan R. Frederick, Angela D. Catlett, Jonathan B. Slater, Wade A. Gelbert, Thomas G. Smith, and Justin W. Witt (collectively, "the Defendants"), by counsel, and demur to the Complaint filed herein by the plaintiff, Matthew J. Haymaker, for the reasons that follow:

1.     Count I of the Complaint fails to state a claim for defamation upon which relief may be granted for the following reasons:

     a.   The facts pled in the Complaint establish that the Defendants enjoy absolute immunity with respect to each of the allegedly defamatory statements as a matter of law;

     b.   The facts pled in the Complaint establish that the allegedly defamatory statements were qualifiedly privileged as a matter of law

     c.   The Complaint fails to set forth the defamatory words used *in haec verba*;

     d.   The alleged defamatory statements are not statements of fact as a matter of law;

     e.   The alleged defamatory statements are statements of opinion as a matter of law;

1



f.  The alleged defamatory statements are not reasonably capable of the defamatory meaning ascribed as a matter of law; and

g.  The alleged defamatory "sting" of the allegedly actionable statements does not coincide with the alleged falsehood.

2.  Count II of the Complaint fails to state a claim for tortious interference with a contract or expectancy upon which relief may be granted for the following reasons:

a.  The facts pled in the Complaint establish that the Defendants enjoy absolute immunity for the alleged acts of interference as a matter of law;

b.  The facts pled in the Complaint fail as a matter of law to establish that the Defendants utilized any improper means to carry out the alleged interference with the plaintiff's at-will employment contract;

c.  To the extent the plaintiff intends to rely on defamation to supply the improper means element of this claim, Count II fails for each of the reasons identified, *supra*, in relation to Count I;

d.  The facts pled in the Complaint establish that the alleged interference was justified and privileged on the grounds that the Defendants acted in furtherance of their legal and ethical responsibilities for the welfare of others; and

e.  The facts pled in the Complaint fail to show that any actions undertaken by the Defendants was the cause-in-fact and legal cause of any adverse action taken against Haymaker by the Department and the VSP.

3.  Count III of the Complaint fails to state a claim for statutory business conspiracy upon which relief may be granted for the following reasons:

42

a. The facts establish that the Defendants cannot be co-conspirators as a matter of law under the doctrine of intracorporate immunity;

b. The facts pled in the Complaint establish that the Defendants enjoy absolute immunity for the alleged conspiratorial acts as a matter of law;

c. Harm to personal reputation and employment interests is not actionable as a statutory business conspiracy as a matter of law under the holding of *Andrews v. Ring*, 266 Va. 311 (2005), and its progeny;

d. Civil conspiracy is not a recognized cause of action under Virginia law; and

e. The facts fail to establish the essential elements of a conspiracy: the alleged agreement between the conspirators, the object of the conspiracy, and the overt act taken by each Defendant in furtherance thereof.

4. Count IV of the Complaint fails to state a claim filed pursuant to 42 U.S.C. § 1983 for the following reasons:

a. The facts establish that the Defendants cannot be co-conspirators as a matter of law under the doctrine of intracorporate immunity;

b. The facts pled establish as a matter of law that Frederick and Catlett enjoy absolute immunity for the alleged wrongful acts;

c. The plaintiff has failed to identify any federal or constitutional right allegedly violated by Frederick and Catlett;

d. The facts pled fail as a matter of law to establish that Frederick and Catlett undertook any action in retaliation for Haymaker's opposition to the Commonwealth's motion to compel production of Haymaker's internal investigation file;

3

e. The plaintiff fails to make a sufficient factual showing that he is entitled to relief under 42 U.S.C. § 1983; and

f. The plaintiff fails to set forth sufficient facts showing that Frederick and Catlett conspired to violate the plaintiff's rights.

5. The *ad damnum* fails to comply with Rule 3:25 of the Supreme Court of Virginia and should be stricken because (i) it fails to identify the statutory or common basis for the claim for attorney's fees under subparts 2 and 3; and (ii) the plaintiff cannot rely on Code of Virginia section18.2-500 because the plaintiff has failed to state a claim for relief under that Code section for the reasons identified, *supra*, paragraph 3.

WHEREFORE, the defendants, Megan R. Frederick, Angela D. Catlett, Jonathan B. Slater, Wade A. Gelbert, Thomas G. Smith, and Justin W. Witt, by counsel, pray that this Court enter an Order granting the instant motion; dismissing this action with prejudice; and for such further relief as this Court deems just and proper.

Respectfully submitted,

MEGAN R. FREDERICK
ANGELA D. CATLETT
JONATHAN B. SLATER
WADE A GELBERT
THOMAS G. SMITH
JUSTIN W. WITT

By: _____
                    Counsel

William W. Tunner (VSB No. 38358)
Michael G. Matheson (VSB No. 82391)
Thompson McMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
Tel.: (804) 698-5933
Fac.: (804) 780-1813
wtunner@t-mlaw.com
mmatheson@t-mlaw.com
*Counsel for Megan R. Frederick, Angela D.*
*Catlett, Jonathan B. Slater, Wade A. Gelbert,*
*Thomas G. Smith, and Justin W. Witt*


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon the

following counsel of record this 14th day of September, 2015, via first-class mail, postage

prepaid:

Andrew D. Meyer
P.O. Box 14543
Richmond, Virginia 23221

T.J. O'Brien
P.O. Box 942
Abingdon, Virginia 24212

5

45

V I R G I N I A:

IN THE CIRCUIT COURT FOR COUNTY OF CULPEPER

MATTHEW J. HAYMAKER,         )
                                    )
        Plaintiff,         )
v.                         )     Civil Case No. 2015-L-810
                                    )
MEGAN R. FREDERICK, et al.,    )
                                    )
        Defendants.     )

### NOTICE OF FILING OF NOTICE OF REMOVAL
### IN THE UNITED STATES DISTRICT COURT

To:    Hon. Janice J. Corbin
       Culpeper County Circuit Court
       Courthouse Building
       135 W. Cameron Street
       Culpeper, Virginia 22701-3097

1.      Please take notice that on September 16, 2015, the defendants, Megan R. Frederick, Angela D. Catlett, Jonathan B. Slater, Wade A. Gelbert, Thomas G. Smith, and Justin W. Witt, by counsel, filed in the United States District Court for the Western District of Virginia, Charlottesville Division, a Notice of Removal asking that Court to assume jurisdiction over this matter. A copy of the Notice of Removal is attached as **Exhibit A**. As shown by the Certificate of Service below, a copy of this Notice of Filing of Notice of Removal, with Exhibits, has today been served upon the plaintiff and filed with the Clerk, United States District Court for the Western District of Virginia, Charlottesville Division.

2.      This notice is given pursuant to 28 U.S.C. § 1446(d), which provides that upon the giving of such notice, the State court shall proceed no further unless and until the case is remanded.



-46-

Respectfully submitted,

MEGAN R. FREDERICK
ANGELA D. CATLETT
JONATHAN B. SLATER
WADE A GELBERT
THOMAS G. SMITH
JUSTIN W. WITT

By: _____
                    Counsel

William W. Tunner (VSB No. 38358)
Michael G. Matheson (VSB No. 82391)
Thompson McMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
Tel.: (804) 698-5933
Fac.: (804) 780-1813
wtunner@t-mlaw.com
mmatheson@t-mlaw.com

*Counsel for Megan R. Frederick, Angela D. Catlett, Jonathan B. Slater, Wade A. Gelbert, Thomas G. Smith, and Justin W. Witt*

2

-47-

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served via first-class mail, postage prepaid, this 22nd day of September, 2015, on the following counsel of record:

Andrew D. Meyer
P.O. Box 14543
Richmond, Virginia 23221

T.J. O'Brien
P.O. Box 942
Abingdon, Virginia 24212

William W. Tunner (VSB No. 38358)
Michael G. Matheson (VSB No. 82391)
*Thompson*McMullan, P.C.
100 Shockoe Slip
Richmond, Virginia 23219
Tel: (804) 698-6251
Fax: (804) 780-1813
wtunner@t-mlaw.com
mmatheson@t-mlaw.com

*Counsel for Defendants The Geo Group, Inc.,*
*Ed Wright, and Belinda Bullock*

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division**

| | | |
|---|---|---|
| MATTHEW J. HAYMAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Case No. _____ |
| | ) | |
| MEGAN R. FREDERICK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Filed to Culpeper County
Circuit Court Clerk's
Office _____ 20 __
_____ Deputy
Clerk

## NOTICE OF REMOVAL

The defendants, Megan R. Frederick, Angela D. Catlett, Jonathan B. Slater, Wade A. Gelbert, Thomas G. Smith, and Justin W. Witt, by counsel, hereby give notice pursuant to 28 U.S.C. §§ 1331 and 1446 of the removal to this Court of the action commenced against them in the Circuit Court for the County of Culpeper, styled "Matthew J. Haymaker v. Megan R. Frederick, *et al.*," Case No. CL 2015-L-810.

The following facts support removal on the basis of the existence of federal question jurisdiction:

1. On August 20, 2015, Matthew J. Haymaker (the "Plaintiff") commenced this action by filing a Complaint (the "Complaint") in the Circuit Court for the County of Culpeper. A copy of the Complaint is attached hereto as **Exhibit 1**.

2. The Complaint and summons were served upon the defendants on August 25, 2015.

3. On September 15, 2015, the Defendants filed their Demurrer and Motion Craving Oyer in the Circuit Court for the County of Culpeper. A copy of the Demurrer and Motion Craving Oyer are attached hereto as **Exhibits 2 and 3**, respectively.



4. This Court has original jurisdiction ("federal question jurisdiction") over causes of action that arise under the Constitution and laws of the United States. 28 U.S.C. § 1331. The Complaint brings a cause of action under 42 U.S.C. § 1983. (Ex. 1 ¶¶ 1, 2, 76–81.) Counts I through III of the Complaint allege state law claims. This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

5. The Western District of Virginia, Charlottesville Division, is the United States District Court and division thereof embracing the place where the state court action is pending.

6. This Notice is filed within thirty (30) days after service of the initial pleading upon the defendants.

7. The pleadings and papers served upon defendants consist of the Complaint attached as Exhibit 1.

8. On this date, the defendants served the Clerk of the Circuit Court for the County of Culpeper with a Notice of Filing of this Notice of Removal, together with Exhibits, for filing, pursuant to 28 U.S.C. § 1446(d). A copy of that notice is attached as **Exhibit 4**.

9. On this date, the defendants served counsel for the Plaintiff a copy of the Notice of Filing of this Notice of Removal, with Exhibits, pursuant to 28 U.S.C. § 1446(d).

11. All defendants consent to removal of this action to federal court.

WHEREFORE, the defendants, Megan R. Frederick, Angela D. Catlett, Jonathan B. Slater, Wade A. Gelbert, Thomas G. Smith, and Justin W. Witt, by counsel, respectfully request that the United States District Court for the Western District of Virginia assume jurisdiction over this matter.

Respectfully submitted,

MEGAN R. FREDERICK
ANGELA D. CATLETT
JONATHAN B. SLATER
WADE A GELBERT
THOMAS G. SMITH
JUSTIN W. WITT

By: _William W. Tunner_____
      Counsel

William W. Tunner (VSB No. 38358)
Michael G. Matheson (VSB No. 82391)
Thompson McMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
Tel.: (804) 698-5933
Fac.: (804) 780-1813
wtunner@t-mlaw.com
mmatheson@t-mlaw.com

*Counsel for Megan R. Frederick, Angela D. Catlett, Jonathan B. Slater, Wade A. Gelbert, Thomas G. Smith, and Justin W. Witt*

3

-51-

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served via first-class mail, postage prepaid, this 22nd day of September, 2015, on the following counsel of record:

Andrew D. Meyer
P.O. Box 14543
Richmond, Virginia 23221

T.J. O'Brien
P.O. Box 942
Abingdon, Virginia 24212

William W. Tunner (VSB No. 38358)
Michael G. Matheson (VSB No. 82391)
*Thompson*McMullan, P.C.
100 Shockoe Slip
Richmond, Virginia 23219
Tel: (804) 698-6251
Fax: (804) 780-1813
wtunner@t-mlaw.com
mmatheson@t-mlaw.com

*Counsel for Defendants The Geo Group, Inc.,
Ed Wright, and Belinda Bullock*

4

# COMMONWEALTH OF VIRGINIA



## CULPEPER CIRCUIT COURT
Civil Division
135 W CAMERON ST
CULPEPER VA 22701

Summons

To: JUSTIN W WITT                          Case No. 047CL15000810-00
ASSISTANT COMMONWEALTH'S
ATTORNEY
118 WEST DAVIS STREET
SUITE 102
CULPEPER VA 22701

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Monday, August 24, 2015

Clerk of Court: JANICE J. CORBIN

by _____
                                    ( CLERK/DEPUTY CLERK )

Instructions:

Hearing Official:

EXHIBIT

Served on Angela Catlett
8|25|15 @ 8:40 am

Attorney's name:    MEYER, ANDREW D
                    P.O. BOX 14543
                    RICHMOND VA 23221

-53-

# COMMONWEALTH OF VIRGINIA



## CULPEPER CIRCUIT COURT
### Civil Division
135 W CAMERON ST
CULPEPER VA 22701

### Summons

To: WADE A GELBERT
ASSISTANT COMMONWEALTH'S
ATTORNEY
118 WEST DAVIS STREET
SUITE 102
CULPEPER VA 22701

Case No. 047CL15000810-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Monday, August 24, 2015

Clerk of Court: JANICE J. CORBIN

by _____
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Served on Angela Catlett
8/25/15 8:40 am
(ADC)

Attorney's name:    MEYER, ANDREW D
P.O. BOX 14543
RICHMOND VA 23221

-54-

# COMMONWEALTH OF VIRGINIA



## CULPEPER CIRCUIT COURT
Civil Division
135 W CAMERON ST
CULPEPER VA 22701

Summons

To: THOMAS G SMITH
ASSISTANT COMMONWEALTH'S
ATTORNEY
118 WEST DAVIS STREET
SUITE 102
CULPEPER VA 22701

Case No. 047CL15000810-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Monday, August 24, 2015

Clerk of Court: JANICE J. CORBIN

by _____
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

*Served on Angela Catlett 8/25/15 @ 8:40 am* (ADC)

Attorney's name:    MEYER, ANDREW D
                    P.O. BOX 14543
                    RICHMOND VA 23221

–55–

# COMMONWEALTH OF VIRGINIA



CULPEPER CIRCUIT COURT
Civil Division
135 W CAMERON ST
CULPEPER VA 22701

Summons

To: JONATHAN B SLATER
SENIOR ASSISTANT
COMMONWEALTH'S ATTORNEY
118 WEST DAVIS STREET
SUITE 102
CULPEPER VA 22701

Case No. 047CL15000810-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Monday, August 24, 2015

Clerk of Court: JANICE J. CORBIN

by _____
(CLERK/DEPUTY CLERK)

Instructions:


Hearing Official:


Attorney's name:   MEYER, ANDREW D
                   P.O. BOX 14543
                   RICHMOND VA 23221

served on Angela Cotrut
8/25/15  8:40 am
(ADL)

-56-

# COMMONWEALTH OF VIRGINIA



### CULPEPER CIRCUIT COURT
Civil Division
135 W CAMERON ST
CULPEPER VA 22701

Summons

To: MEGAN R FREDERICK
COMMONWEALTH'S ATTORNEY FOR
CULPEPER COUNTY
118 WEST DAVIS STREET
SUITE 102
CULPEPER VA 22701

Case No. 047CL15000810-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Monday, August 24, 2015

Clerk of Court: JANICE J. CORBIN

by _____Gladys Bowman_____
(CLERK/DEPUTY CLERK )

Instructions:

Hearing Official:

Attorney's name:  MEYER, ANDREW D
P.O. BOX 14543
RICHMOND VA 23221

served on Angela Catutt
8/25/15 e 8:40 am
(ADC)

-57-

# COMMONWEALTH OF VIRGINIA



CULPEPER CIRCUIT COURT
Civil Division
135 W CAMERON ST
CULPEPER VA 22701

Summons

To: ANGELA D CATLETT
DEPUTY COMMONWEALTH'S ATTORNEY
118 WEST DAVIS STREET
SUITE 102
CULPEPER VA 22701

Case No. 047CL15000810-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Monday, August 24, 2015

Clerk of Court: JANICE J. CORBIN

by _____
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Served - personally
8/25/15 e 8:40 am

| Attorney's name: | MEYER, ANDREW D<br>P.O. BOX 14543<br>RICHMOND VA 23221 |
| --- | --- |

–58–

**VIRGINIA:**

*IN THE CIRCUIT COURT FOR THE COUNTY OF CULPEPER*

| | |
|---|---|
| MATTHEW J. HAYMAKER<br>Plaintiff | ) |
| | ) |
| | ) |
| V. | )    **DOCKET NO.:** 2015-L-810 |
| | ) |
| MEGAN R. FREDERICK<br>COMMONWEALTH'S ATTORNEY<br>FOR CULPEPER COUNTY | ) |
| | ) |
| ANGELA D. CATLETT<br>DEPUTY COMMONWEALTH'S<br>ATTORNEY | ) |
| | ) |
| JONATHAN B. SLATER<br>SENIOR ASSISTANT<br>COMMONWEALTH'S ATTORNEY | ) |
| | ) |
| WADE A. GELBERT<br>ASSISTANT COMMONWEALTH'S<br>ATTORNEY | ) |
| | ) |
| THOMAS G. SMITH<br>ASSISTANT COMMONWEALTH'S<br>ATTORNEY | ) |
| | ) |
| and | ) |
| | ) |
| JUSTIN W. WITT<br>ASSISTANT COMMONWEALTH'S<br>ATTORNEY | ) |

## COMPLAINT

Plaintiff Matthew J. Haymaker ("Haymaker") moves for judgment against

Defendants Megan R. Frederick; Angela D. Catlett, Jonathan B. Slater, Wade A.

Gelbert, Thomas G. Smith and Justin W. Witt (hereinafter referred to collectively as

"Defendants"), and as grounds therefore states as follows:

-59-

## INTRODUCTION

1.  This suit is for:

    a.  Defamation;

    b.  Tortious Interference;

    c.  Conspiracy;

    d.  Violation of rights protected by the Constitution of the United States of America and its Amendments pursuant to 42 U.S.C. § 1983.

2.  The acts complained of occurred in the County of Culpeper and this Court has concurrent jurisdiction to hear claims pursuant to 42 U.S.C. § 1983.

## THE PARTIES

3.  Haymaker is not a public figure but is employed as a sworn officer with the Police Department for the Town of Culpeper (hereinafter "Department"). As a sworn officer with the Department, Haymaker would interact with the public and Haymaker's employment necessitates his reputation and standing in the community not be maligned or otherwise damaged.

4.  Megan R. Frederick is the Commonwealth's Attorney for the County of Culpeper. In her role as Commonwealth's Attorney, Frederick prosecutes cases for the Town of Culpeper and on behalf of Police Officers for the Town of Culpeper.

5.  Angela D. Catlett is the Deputy Commonwealth's Attorney for the County of Culpeper. In her role as the Deputy Commonwealth's Attorney, Catlett prosecutes cases for the Town of Culpeper and on behalf of Police Officers for the Town of Culpeper.

6. Jonathan B. Slater is the Senior Assistant Commonwealth's Attorney for the County of Culpeper. In his role as the Senior Assistant Commonwealth's Attorney, Slater prosecutes cases for the Town of Culpeper and on behalf of Police Officers for the Town of Culpeper.

7. Wade Gelbert is an Assistant Commonwealth's Attorney for the County of Culpeper. In his role as an Assistant Commonwealth's Attorney, Gelbert prosecutes cases for the Town of Culpeper and on behalf of Police Officers for the Town of Culpeper.

8. Thomas G. Smith is an Assistant Commonwealth's Attorney for the County of Culpeper. In his role as an Assistant Commonwealth's Attorney, Smith prosecutes cases for the Town of Culpeper and on behalf of Police Officers for the Town of Culpeper.

9. Justin W. Witt is an Assistant Commonwealth's Attorney for the County of Culpeper. In his role as an Assistant Commonwealth's Attorney, Witt prosecutes cases for the Town of Culpeper and on behalf of Police Officers for the Town of Culpeper.

## FACTS

10. The foregoing paragraphs are adopted and re-alleged as if fully set forth herein.

11. On May 31, 2012, Haymaker began his employment with the Department as a Patrol Officer.

12. On July 11, 2013, the Department assigned Haymaker to the Street Crimes Narcotics Division.

13. In November 2014, Haymaker was sworn into the Virginia State Police Blue Ridge Narcotics and Gang Task Force ("VSP Task Force") and the Department made Haymaker a Detective.

14. Haymaker's employment requires him to interact with the public and maintaining a good reputation in the community is essential for Haymaker to perform his duties as a law enforcement officer. As a member of the Department as well as of VSP Task Force, Haymaker is required to arrest suspects for felony offenses within the jurisdictional limits of the County of Culpeper.

15. The Defendants have a duty to prosecute all warrants, indictments or informations charging a felony within the jurisdictional limits of the County of Culpeper.

16. On September 29, 2014, Frederick lodged a complaint with the Department ("September Complaint") alleging Haymaker improperly interrogated a subject during the execution of a search warrant.

17. On December 12, 2015, Kameron Hymes, a seventeen year-old male, was arrested for charges of violating Virginia Code § 18.2-90 (armed burglary with the intent to rob) and Virginia Code § 18.2-58 (robbery). Hymes made incriminating statements in Haymaker's presence that were recorded on video ("Hymes Video"). After a preliminary hearing in the Culpeper Juvenile and Domestic Relations Court, Hymes was subsequently found guilty of, and sentenced for, the burglary charge on April 15, 2015 in the Culpeper Circuit Court.

18. As of March 6, 2015, none of the Defendants advised the attorney for Hymes the Hymes Video existed, nor did the Defendants provide Hymes or his attorney with a copy of the Hymes Video.

19. None of the Defendants ever provided Hymes or his attorney with a copy of the Hymes Video prior to March 17, 2015.

20. On January 13, 2015, Frederick advised the Department her office would no longer prosecute any of Haymaker's cases until the September Complaint was resolved. At that time, Frederick also informally lodged another complaint with the Department regarding Haymaker based upon the Hymes Video.

21. On January 14, 2015, the Department, after concluding its internal investigation into the September Complaint, issued a disposition sustaining a violation of "Department Rules and Regulations A(13) Human Relations." The Department expressly stated the internal investigation did not uncover anything that would call Haymaker's truthfulness or morality into question. Frederick and the rest of the Defendants received a copy of this disposition.

22. On January 15, 2015, Frederick sent an email to then-Captain Chris Settle and Chief Chris Jenkins. In this email, Frederick:

   a. Acknowledged viewing the Hymes Video;

   b. Again stated she would no longer prosecute any cases involving Haymaker after viewing the video;

   c. Stated she would not ask her prosecutors to prosecute any of Haymaker's cases; and,

   d. Made efforts to remove Haymaker from his position with the VSP Task Force.

23.     On January 16, 2015, Catlett publicized she shares the same concerns as Frederick regarding Haymaker, Haymaker's character and Haymaker's fitness as a witness.

24.     On January 21, 2015, Settle advised Catlett and Frederick that Detective Tyler Armel of the Culpeper County Sheriff's Internal Affairs Unit would assist in the administrative investigation resulting from the informal complaint referenced in Paragraph 20.

25.     On January 23, 2015, Frederick and Catlett met with Settle, Lieutenant Timothy Chilton and Detective Tyler Armel. At this meeting, Frederick and Catlett formally lodged the  complaint referenced in Paragraph 20 with the Department (herein collectively "January Complaint"). This complaint alleged:

    a.  The nature of the interview of Kameron Hymes was coercive;

    b.  There were concerns when Hymes asked to speak with his mother alone;

    c.  That after Miranda was read, there should have been no other conversation with the juvenile.

26.     On February 10, 2015, Frederick, through Catlett, filed a motion in the Culpeper Circuit Court (hereinafter "Commonwealth's Motion")  to compel the production of Haymaker's internal investigation file. Attached as Exhibit "A" is a copy of said motion. The Commonwealth's Motion was submitted in the case of *Commonwealth v. Wright*, Case Number CR14000273-01.

27.     Frederick, on many occasions, stated to multiple people that Haymaker "is done" in Culpeper and her office would not prosecute any cases involving Haymaker no matter how the Court ruled on the Commonwealth's Motion.

-64-

28. On February 13, 2015, the Department provided Frederick with the results of its internal investigation into the January Complaint. The investigation exonerated Haymaker of two of the allegations and found the remaining allegation was not sustained.

29. A hearing on the Commonwealth's Motion was heard on March 17, 2015 in the Culpeper Circuit Court. At that hearing, Catlett argued that granting the Commonwealth's Motion was necessary for the Commonwealth to comply with its obligations pursuant to Brady v. Maryland, 373 U.S. 83 (1963). During said hearing, Frederick sat beside Catlett and the two would confer throughout the course of the hearing.

30. On March 17, 2015, Catlett admitted to the Court that her office failed to provide Hymes Video to defense counsel pursuant to Brady or the Rules of Discovery.

31. On March 17, 2015, Catlett stated she did not provide the Hymes Video to defense counsel because a discovery order was not in place.

32. On March 21, 2015, the Honorable Judge Susan Whitlock entered an Order denying the Commonwealth's Motion for reasons stated in the record on March 17, 2015. Specifically, the reasons stated were the Commonwealth's Motion was not supported by any statutory authority and there was no basis in law to support the Commonwealth's Motion.

33. On March 26, 2015 the Defendants endorsed and sent a letter (hereinafter "March 26 Letter") to Chief Chris Jenkins of the Department stating:

    a. The Defendants would no longer prosecute any case that Haymaker "had any involvement in an investigation, no matter how slight";

-65-

    b. "This office strives to embrace the highest standards of professional and personal conduct"; and

    c. "As prosecutors, we are unanimous in our determination that it is not in the Commonwealth's best interest to utilize Detective Haymaker as a witness."

Plaintiff attaches a copy of the March 26th Letter as Exhibit "B."

34.    From January 2015 to present, Frederick repeatedly advised multiple people that she and the other Defendants will decline to prosecute criminal cases involving Haymaker.

35.    In 2015, the Defendants, either by moving to dismiss or by moving to *nolle prosequi*, have declined to prosecute at least six cases involving Haymaker. Of those cases, three cases involved alleged felony offenses.

### COUNT I - DEFAMATION (Against all Defendants)

36.    The foregoing paragraphs are adopted and re-alleged as if fully set forth herein.

37.    The Defendants made false and defamatory remarks regarding Haymaker, specifically regarding Haymaker's character, honesty, honor and integrity.

38.    Between March 17, 2015 and March 26, 2015, Frederick made public statements that reasonably call the integrity of Haymaker into question.

39.    On or about March 23, 2015, in response to Judge Whitlock's Order referenced in Paragraph 32, Frederick, through her promotional Facebook account, publicly stated "[w]e cannot excuse anyone - even those entrusted with a badge - from the scrutiny of the justice system when the circumstances call their actions, integrity, or

veracity in question." Frederick also stated "[m]embers of law enforcement who would attempt to intimidate prosecutors . . . are dishonoring the trust of citizens they are entrusted to serve."

40. The statement referenced in Paragraph 39 was a specific reference to Haymaker calling his "actions, integrity or veracity in question." In the alternative, this statement could reasonably be concluded as to be referring to Haymaker calling his "actions, integrity or veracity in question."

41. The Defendants defamed Haymaker in the March 26 Letter, a letter publicized to third parties. The March 26 Letter may reasonably be construed to disparage Haymaker by challenging Haymaker's professionalism, character and integrity.

42. The Defendants knew or should have known the March 26 Letter would be publicized.

43. Prior to the issuance of the March 26 Letter, the Defendants prosecuted criminal cases in the County of Culpeper whereupon the Commonwealth relied on testimony of law enforcement officer(s) who are recognized as "Brady Discoverable" witnesses.

44. After the issuance of the March 26th Letter, the Defendants continued to prosecute criminal cases in the County of Culpeper whereupon the Commonwealth relied on testimony of law enforcement officer(s) who are recognized as "Brady Discoverable" witnesses.

45. On June 23, 2015, The Daily Progress newspaper published a story regarding Haymaker wherein University of Virginia law professor Darryl Brown is quoted

saying he "could only speculate that the prosecutor must know of some very disturbing evidence about the officer's conduct" and "the commonwealth's attorney has apparently concluded the officer is so untrustworthy that she can't trust any evidence the officer is connected with."

46. On June 22, 2015, Frederick again posted a comment on her Facebook account regarding the Daily Progress article stating "[c]learly, folks who are not controlled by the good ole boys can speak the truth about the process. Thanks to this professor for his opinion, and the respect he has shown for all prosecutors across the nation." This statement was a specific reference to Haymaker depicting him as, or in the alternative, reasonably construed to disparage Haymaker as "untrustworthy" and to assert Frederick knows "of some very disturbing evidence" about Haymaker's conduct.

47. The Defendants had no factual basis upon which to question Haymaker's character, honesty, honor, integrity and reputation.

48. In making the defamatory statements regarding Haymaker, the Defendants acted willfully and maliciously.

49. In making the defamatory statements regarding Haymaker, the Defendants did not act in good faith.

50. As a result of the Defendants' actions, Haymaker has suffered damages, including, but not limited to emotional damage, suffering, mental anguish, damage to both Haymaker's personal and professional reputation, damage to Haymaker's reputation for character, honesty, honor and integrity as well as his standing in the community.

51. As a result of the Defendants' defamatory statements and actions, Haymaker was removed from the VSP Task Force and the Street Crimes Unit. The Department subsequently stripped Haymaker of his duties and title of Detective and demoted and/or reassigned Haymaker to a Patrol Officer.

**COUNT II - TORTIOUS INTERFERENCE (Against all Defendants)**

52. The foregoing paragraphs are adopted and re-alleged as if fully set forth herein.

53. Haymaker was a non-probationary employee of the Department. As a non-probationary employee, Haymaker has a property interest in his employment with the Department.

54. As a non-probationary employee, Haymaker's property interest in his employment is protected by rights enumerated in the Constitution of the United States of America.

55. On multiple occasions, Frederick told others she wanted Haymaker removed from the Street Crimes Unit.

56. On multiple occasions, Frederick told people she wanted Haymaker off the VSP Task Force.

57. On multiple occasions, Frederick stated she did not want Haymaker employed as a law enforcement officer.

58. The Defendants sent the March 26 Letter in an attempt to remove Haymaker from the VSP Task Force.

59. The Defendants sent the March 26 Letter in an attempt to have the Department terminate Haymaker's employment.

-69-

60. In response to the March 26 Letter, the Department requested clarification from the Defendants as to their refusal to prosecute any case involving Haymaker. Based upon information and belief, none of the Defendants responded to the Department's request.

61. On April 15, 2015, Frederick sent an email to Ray F. Morrogh, the Commonwealth's Attorney for the City of Fairfax, seeking to advice regarding her decision not to prosecute any cases involving Haymaker. In response, Morrough stated "[b]ottom line-unless you have rock solid evidence [Haymaker] is not credible witness you will have problems here." Even after Morrogh's response, the Defendants refused to prosecute any cases involving Haymaker.

62. Morrogh's response to Frederick should have placed Frederick and the other Defendants on notice that they were tortiously interfering with Haymaker's employment by refusing to prosecute any of Haymaker's cases.

63. On April 19, 2015, Virginia State Police Captain Settle issued a letter to Chief Jenkins rescinding Haymaker's Special State Police Authority as a result of the March 26 Letter. Attached as Exhibit "C" is a copy of the letter dated April 19, 2015.

64. On April 30, 2015, the Department demoted and/or reassigned Haymaker to a Patrol Officer.

65. On or about May 12, 2015, Frederick again advised the Culpeper Town Manager and the Culpeper Town Attorney she would not use Haymaker as a witness regardless of any additional training or assignment.

66. Prior to the issuance of the March 26 Letter, the Defendants prosecuted criminal cases in the County of Culpeper whereupon the Commonwealth relied on

testimony of law enforcement officer(s) who are recognized as "Brady Discoverable" witnesses.

67.     After the issuance of the March 26th Letter, the Defendants continued to prosecute criminal cases in the County of Culpeper whereupon the Commonwealth relied on testimony of law enforcement officer(s) who are recognized as "Brady Discoverable" witnesses.

68.     The Defendants, willfully and maliciously, without good cause and in bad faith, declined to prosecute at least six of Haymaker's cases in 2015 either by moving to dismiss or by moving to *nolle prosequi*.

69.     The Defendants moved to dismiss or moved to *nolle prosequi* Haymaker's cases in an attempt to remove Haymaker from the VSP Task Force and to force the Department to terminate Haymaker's employment.

70.     The Defendants acted with actual malice and their actions or inactions constitute improper methods. The Defendants did not act in good faith.

71.     As a direct and proximate result of the Defendant's actions, Haymaker suffered damages, including, but not limited to, emotional damage, suffering, mental anguish, removal from the VSP Task Force as well as the Street Crimes Unit, loss of his title and duties as a Detective, and his subsequent demotion and/or reassignment to Patrol.

### COUNT III - Conspiracy 3 (Against all Defendants)

72.     The foregoing paragraphs are adopted and re-alleged as if fully set forth herein.

73.    The Defendants acted in concert to damage Haymaker's reputation and profession in violation of common law conspiracy as well as in violation of Virginia Code § 18.2-499. Such actions include, but are not limited to:

a.   Defaming Haymaker's reputation;

b.   Drafting, endorsing and sending the March 26 Letter;

c.   Refusing to prosecute any cases involving Haymaker;

d.   Moving to dismiss or moving to to *nolle prosequi* Haymaker's cases;

e.   Failing to comply with the duties of a Commonwealth's Attorney as enumerated by the Code of Virginia.

74.    At all times material hereto, the Defendants acted with malice or reckless indifference to Haymaker's rights, and knew or should have known their actions violated § 18.2-499 of the Code of Virginia, so as to support an award of liquidated and/or punitive damages.

75.    As a direct and proximate result of the Defendant's actions, Haymaker suffered damages, including, but not limited to, removal from the VSP Task Force as well as the Street Crimes Unit, loss of his title and duties as a Detective, and his subsequent demotion and/or reassignment to Patrol.

**COUNT IV - Violation of 42 U.S.C. § 1983 (Against Frederick and Catlett)**

76.    The foregoing paragraphs are adopted and re-alleged as if fully set forth herein.

77.    Catlett and Frederick conspired with the other Defendants to violate Haymaker's rights and privileges as a law enforcement officer.

-72-

78.    Catlett and Frederick willfully and maliciously acted to deprive Haymaker of his employment because Haymaker exercised his rights by challenging the Commonwealth's Motion.

79.    Catlett and Frederick acted under the color of law.

80.    At all times material hereto, Catlett and Frederick acted with malice or reckless indifference to Haymaker's rights, and knew or should have known their actions violated federal law, so as to support an award of liquidated and/or punitive damages.

81.    As a direct and proximate result of Catlett and Frederick's actions, Haymaker suffered damages, including, but not limited to, removal from the VSP Task Force as well as the Street Crimes Unit, loss of his title and duties as a Detective, and his subsequent demotion and/or reassignment to Patrol.

WHEREFORE, for the foregoing reasons Plaintiff Matthew J. Haymaker prays as follows:

1. Pursuant to Counts I and II, for judgment against Defendants, jointly and severally, for liquidated and/or punitive damages in the amount of $200,000.00; pre-judgment interest; his reasonable costs; all other relief available at law, and for such other further relief as may be just and equitable;

2. Pursuant to Count III, for judgment against Defendants, jointly and severally, for liquidated and/or punitive damages in the amount of $100,000.00; pre-judgment interest; his reasonable costs and attorney's fees; all other relief available at law, and for such other further relief as may be just and equitable;

3. Pursuant to Count IV, for judgment against Defendants Catlett and Frederick, jointly and severally, for liquidated and/or punitive damages in the amount

of $50,000.00; pre-judgment interest; his reasonable costs and attorney's fees; all other relief available at law, and for such other further relief as may be just and equitable;

TRIAL BY JURY IS DEMANDED.

Respectfully Submitted,

MATTHEW J. HAYMAKER
By Counsel

By _____
Andrew D. Meyer, VA Bar #82425
*Counsel for the Plaintiff*
ameyer@meyerlegalservices.com
P.O. Box 14543
Richmond, VA 23221
(804) 358-2909 phone
(757) 257-0063 fax

By ___/s/ T.J. O'Brien_____
T.J. O'Brien, VA Bar #82476
*Counsel for the Plaintiff*
tj@tjobrienlaw.com
P.O. Box 942
Abingdon, Virginia 24212
(276) 821-8399 phone
(276) 229-3011 fax

### Certificate of Delivery

I, Andrew D. Meyer, counsel for the plaintiff, certify that on this 19th day of August 2015, a true and correct copy of the above and foregoing was mailed, postage prepaid, to Megan R. Frederick, Esq., Angela D. Catlett, Esq., Jonathan B. Slater, Esq., Wade Gelbert, Esq., Thomas G. Smith, Esq, and Justin W. Witt, Esq., of the Culpeper Office of the Commonwealth's Attorney, 118 West Davis Street, Suite 102, Culpeper, Virginia 22701, via U.S. Postal Service.

_____
Andrew D. Meyer

-74-

Feb. 10. 2015  2:42PM    COMMONWEALTH'S ATTORNEY

*Exhibit A*

VIRGINIA: IN THE CIRCUIT COURT OF CULPEPER COUNTY

COMMONWEALTH OF VIRGINIA

v.                                                      Case No: CR14-273-01

STEVEN WRIGHT

## NOTICE AND MOTION TO ORDER DISCLOSURE

COMES NOW the Commonwealth, by her Deputy Commonwealth's Attorney, and gives notice that on February 17, 2015 at 9:30 a.m., or as soon thereafter as may be heard, the Commonwealth will request this Court to order the Culpeper Town Police Department ("Department") to release the Internal Affairs investigation file of Detective M.J. Haymaker to the Office of the Commonwealth's Attorney for inspection and review and in support thereof states as follows:

Upon information and belief, the Commonwealth has received information that a human relations and improper documentation complaint was sustained against Detective M.J. Haymaker and has concerns regarding allegations of improper investigatory methods specifically involving Detective M.J. Haymaker. In turn, it is reported that Internal Affair (IA) Investigations were and are being conducted. Upon request by the Commonwealth's Attorney to view those files for potential exculpatory and/or impeachment evidence, the Department has refused to allow inspection and review of the detective's Internal Affairs file.

The Commonwealth, in order to comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1973) and those cases interpreting that opinion, is left with no choice but to ask this Court to order production of the file.[1] The duty to disclose evidence favorable to an accused is

---

[1] The Commonwealth is unable to file a Subpoena Duces Tecum for the information, as the Culpeper Town Police Department is the agency who investigated and charged Mr. Wright, and as such, is a party to the criminal case. Pursuant to Supreme Court Rule 3A:12 and Ramirez v.

applicable even though there has been no request by an accused. United States v. Agurs, 427 U.S. 97, 107 (1976). This duty encompasses impeachment evidence as well as exculpatory evidence. United States v. Bagley, 473 U.S. 667, 676 (1985). In order to comply with Brady requirements, the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in this case, including the police. Kyles v. Whitley, 514 U.S. 419, 437 (1995). The Court has recognized that a prosecutor's role transcends that of an adversary: he is the representative not of an ordinary party to a controversy, but of a sovereignty, whose interest in a criminal prosecution is not that it shall win a case, but that justice shall be done. Berger v. United States, 295 U.S. 78, 88 (1935).

In order to determine what, if any, exculpatory or impeachment evidence is included in the Internal Affairs investigation files, including but not limited to the human relations, improper documentation dispositions and potential improper investigatory methods, the Commonwealth must review the actual file. Despite repeated requests to review this file, the Department has refused to make this file available to the Office of the Commonwealth's Attorney. The Commonwealth respectfully requests this Court order production of this Internal Affairs investigative file so that the Commonwealth may review the file pursuant to her duties and make any necessary disclosures.

Respectfully submitted,

Angela D. Catlett
Deputy Commonwealth's Attorney

---

Commonwealth, 20 Va. App. 292 (1995), a Subpoena Duces Tecum may not be directed to a party to the case. As defense counsel representing Mr. Wright works under the practice that this Commonwealth's Attorney Office does not regularly require full discovery orders to obtain any documentation, and with the complication that one IA investigation is complete, while another is not, the Commonwealth has filed this motion to comply with her duties.

## Certificate of Service

I certify that a true copy of this Notice and Motion was delivered by electronic mail and first class mail to Ryan Rakness, counsel for defendant, and Martin Crim, Attorney for the Town of Culpeper Police Department, via facsimile, on this 10th day of February, 2015.

Angela D. Catlett
Deputy Commonwealth's Attorney



*Exhibit C*

# COMMONWEALTH OF VIRGINIA

Colonel W. S. (Steve) Flaherty
Superintendent

(804) 674-2000

Lt. Colonel Robert B. Northern
Deputy Superintendent

### DEPARTMENT OF STATE POLICE
Bureau of Criminal Investigation

15148 State Police Road, Culpeper, VA 22701

(540) 829-7400

April 19, 2015

Chris Jenkins
Chief of Police
Culpeper Police Department
740 Old Brandy Road
Culpeper, Virginia 22701

Dear Chief Jenkins,

On January 15, 2015, I rescinded the Special State Police Authority status of Detective Matthew J. Haymaker. This was confirmed in my letter to you, dated January 22, 2015.

On November 18, 2014, Detective Haymaker was granted Special State Police Authority during his assignment with the Blue Ridge Narcotics and Gang Task Force. His authority was rescinded by me pending an internal investigation by your agency. I have been informed by Major Chris Settle, of your agency, that the internal investigation has concluded. Major Settle has since advised that Detective Haymaker will continue in his capacity as a sworn law enforcement officer with your agency. Major Settle recently provided a letter, dated March 26, 2015, from the Honorable Megan R. Frederick, Commonwealth's Attorney for Culpeper County. In the letter, Ms. Frederick states that her office "will decline to prosecute criminal cases involving Detective Haymaker." She further states, "Detective Haymaker's involvement in an investigation, no matter how slight, will result in our declining to prosecute the case."

I am aware that the decision by Ms. Frederick remains controversial to many. I have considered all options regarding Detective Haymaker's status. However, the overall interest of the task force and validity of task force investigations remain paramount. I value our partnership on the Blue Ridge Narcotics and Gang Task Force and the relationship our agencies have had for many years. Unfortunately, given the current situation, it is in the best interest of all participating agencies to permanently rescind Detective Matthew Haymaker's Special State Police Authority, effective this date.

Chief Chris Jenkins
April 19, 2015
Page 2

I anticipate having further discussion with you about this matter. In the meantime, please feel free to contact me should you have any questions.

Sincerely,

Captain Gary T. Settle
Division Commander
BCI Culpeper Field Office

C.c. – Lieutenant Colonel Herman C. Davis, Director, Bureau of Criminal Investigation

VIRGINIA:

IN THE CIRCUIT COURT FOR THE COUNTY OF CULPEPER

| | | |
|---|---|---|
| MATTHEW J. HAYMAKER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | Civil Case No. 2015-L-810 |
| MEGAN R. FREDERICK, et al., | ) ) ) | |
| Defendants. | ) ) | |

## DEMURRER

COMES NOW, the defendants, Megan R. Frederick, Angela D. Catlett, Jonathan B. Slater, Wade A. Gelbert, Thomas G. Smith, and Justin W. Witt (collectively, "the Defendants"), by counsel, and demur to the Complaint filed herein by the plaintiff, Matthew J. Haymaker, for the reasons that follow:

1.    Count I of the Complaint fails to state a claim for defamation upon which relief may be granted for the following reasons:

 a. The facts pled in the Complaint establish that the Defendants enjoy absolute immunity with respect to each of the allegedly defamatory statements as a matter of law;

 b. The facts pled in the Complaint establish that the allegedly defamatory statements were qualifiedly privileged as a matter of law

 c. The Complaint fails to set forth the defamatory words used *in haec verba*;

 d. The alleged defamatory statements are not statements of fact as a matter of law;

 e. The alleged defamatory statements are statements of opinion as a matter of law;

1



> f.  The alleged defamatory statements are not reasonably capable of the defamatory meaning ascribed as a matter of law; and
>
> g.  The alleged defamatory "sting" of the allegedly actionable statements does not coincide with the alleged falsehood.

2.  Count II of the Complaint fails to state a claim for tortious interference with a contract or expectancy upon which relief may be granted for the following reasons:

> a.  The facts pled in the Complaint establish that the Defendants enjoy absolute immunity for the alleged acts of interference as a matter of law;
>
> b.  The facts pled in the Complaint fail as a matter of law to establish that the Defendants utilized any improper means to carry out the alleged interference with the plaintiff's at-will employment contract;
>
> c.  To the extent the plaintiff intends to rely on defamation to supply the improper means element of this claim, Count II fails for each of the reasons identified, *supra,* in relation to Count I;
>
> d.  The facts pled in the Complaint establish that the alleged interference was justified and privileged on the grounds that the Defendants acted in furtherance of their legal and ethical responsibilities for the welfare of others; and
>
> e.  The facts pled in the Complaint fail to show that any actions undertaken by the Defendants was the cause-in-fact and legal cause of any adverse action taken against Haymaker by the Department and the VSP.

3.  Count III of the Complaint fails to state a claim for statutory business conspiracy upon which relief may be granted for the following reasons:

2

a.   The facts establish that the Defendants cannot be co-conspirators as a matter of law under the doctrine of intracorporate immunity;

b.   The facts pled in the Complaint establish that the Defendants enjoy absolute immunity for the alleged conspiratorial acts as a matter of law;

c.   Harm to personal reputation and employment interests is not actionable as a statutory business conspiracy as a matter of law under the holding of *Andrews v. Ring*, 266 Va. 311 (2005), and its progeny;

d.   Civil conspiracy is not a recognized cause of action under Virginia law; and

e.   The facts fail to establish the essential elements of a conspiracy: the alleged agreement between the conspirators, the object of the conspiracy, and the overt act taken by each Defendant in furtherance thereof.

4.   Count IV of the Complaint fails to state a claim filed pursuant to 42 U.S.C. § 1983 for the following reasons:

a.   The facts establish that the Defendants cannot be co-conspirators as a matter of law under the doctrine of intracorporate immunity;

b.   The facts pled establish as a matter of law that Frederick and Catlett enjoy absolute immunity for the alleged wrongful acts;

c.   The plaintiff has failed to identify any federal or constitutional right allegedly violated by Frederick and Catlett;

d.   The facts pled fail as a matter of law to establish that Frederick and Catlett undertook any action in retaliation for Haymaker's opposition to the Commonwealth's motion to compel production of Haymaker's internal investigation file;

3

e.  The plaintiff fails to make a sufficient factual showing that he is entitled to relief under 42 U.S.C. § 1983; and

f.  The plaintiff fails to set forth sufficient facts showing that Frederick and Catlett conspired to violate the plaintiff's rights.

5.  The *ad damnum* fails to comply with Rule 3:25 of the Supreme Court of Virginia and should be stricken because (i) it fails to identify the statutory or common basis for the claim for attorney's fees under subparts 2 and 3; and (ii) the plaintiff cannot rely on Code of Virginia section18.2-500 because the plaintiff has failed to state a claim for relief under that Code section for the reasons identified, *supra*, paragraph 3.

WHEREFORE, the defendants, Megan R. Frederick, Angela D. Catlett, Jonathan B. Slater, Wade A. Gelbert, Thomas G. Smith, and Justin W. Witt, by counsel, pray that this Court enter an Order granting the instant motion; dismissing this action with prejudice; and for such further relief as this Court deems just and proper.

Respectfully submitted,

MEGAN R. FREDERICK
ANGELA D. CATLETT
JONATHAN B. SLATER
WADE A GELBERT
THOMAS G. SMITH
JUSTIN W. WITT

By: _____
Counsel

4

-83-

William W. Tunner (VSB No. 38358)
Michael G. Matheson (VSB No. 82391)
Thompson McMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
Tel.: (804) 698-5933
Fac.: (804) 780-1813
wtunner@t-mlaw.com
mmatheson@t-mlaw.com
*Counsel for Megan R. Frederick, Angela D.*
*Catlett, Jonathan B. Slater, Wade A. Gelbert,*
*Thomas G. Smith, and Justin W. Witt*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon the

following counsel of record this 14th day of September, 2015, via first-class mail, postage

prepaid:

Andrew D. Meyer
P.O. Box 14543
Richmond, Virginia 23221

T.J. O'Brien
P.O. Box 942
Abingdon, Virginia 24212

5

−84−

VIRGINIA:

IN THE CIRCUIT COURT FOR THE COUNTY OF CULPEPER

| | | |
|---|---|---|
| MATTHEW J. HAYMAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Case No. 2015-L-810 |
| | ) | |
| MEGAN R. FREDERICK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION CRAVING OYER

COMES NOW, the defendants, Megan R. Frederick, Angela D. Catlett, Jonathan B. Slater, Wade A. Gelbert, Thomas G. Smith, and Justin W. Witt (collectively, "the Defendants"), by counsel, and crave oyer of certain writings relied upon by the plaintiff, Matthew J. Haymaker, in the Complaint, for the reasons that follow:

1.      "In modern day practice, a motion to crave oyer is a request of the Court to require that a document sued upon, or a collateral document which is necessary to the Plaintiff's claim, be treated as though it were part of the Plaintiff's pleadings." *Ragone v. Waldvogel*, 54 Va. Cir. 581, 582 (Va. Cir. Ct. 2001) (citing *Burton v. F. A. Seifert & Co.*, 108 Va. 338, 350, 61 S.E. 933 (1908) and *Sjolinder v. Am. Enterprise Solutions, Inc.*, 51 Va. Cir. 436 (2000)). "A defendant can crave oyer of all documents that form the basis of the plaintiff's claim. . . . '[A] litigant has no right to put blinders on the court and attempt to restrict its vision to only such parts of the record as the litigant thinks tend to support his view.'" *Sjolinder*, 51 Va. Cir. at 437 (quoting *Culpeper Nat'l Bank v. Morris*, 168 Va. 379, 382–83, 191 S.E. 764 (Va. 1937)).

2.      The Complaint expressly relies upon portions of the following writings in support of the claims asserted therein:

1



    a. The written results of the internal affairs investigation of Haymaker (Compl. ¶ 28);

    b. The March 24, 2015, post appearing on the "Friends for Megan Frederick" Facebook page quoted in Paragraph 34 of the Complaint;

    c. The June 23, 2015, post appearing on the "Friends for Megan Frederick" Facebook page quoted in Paragraph 46 of the Complaint;

    d. The Daily Progress news story dated June 23, 2015, quoted in Paragraph 45 of the Complaint;

    e. The email communication between Megan R. Frederick and Ray Morrogh quoted in Paragraph 61 of the Complaint;

3. The plaintiff should not be permitted to rely on the language he deems favorable to his claims against the Defendants without incorporating a true and complete copy of these documents into the pleadings.

4. The Defendants have been materially and unduly prejudiced in the preparation of their defense to this action as a result of the plaintiff's failure to incorporate complete copies of the various writings relied upon in support of his claims.

5. The Defendants crave oyer of each of the foregoing documents.

WHEREFORE, the defendants, Megan R. Frederick, Angela D. Catlett, Jonathan B. Slater, Wade A. Gelbert, Thomas G. Smith, and Justin W. Witt, by counsel, prays that this Court enter an Order granting the instant motion; directing the plaintiff to file a copy of each of the documents enumerated above; deeming each of these documents incorporated by reference into the Complaint as if set forth fully therein; and for such further relief as this Court deems just and proper.

2

Respectfully submitted,

MEGAN R. FREDERICK
ANGELA D. CATLETT
JONATHAN B. SLATER
WADE A GELBERT
THOMAS G. SMITH
JUSTIN W. WITT

By: _____
        Counsel

William W. Tunner (VSB No. 38358)
Michael G. Matheson (VSB No. 82391)
Thompson McMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
Tel.: (804) 698-5933
Fax.: (804) 780-1813
wtunner@t-mlaw.com
mmatheson@t-mlaw.com
*Counsel for Megan R. Frederick, Angela D.
Catlett, Jonathan B. Slater, Wade A.
Gelbert, Thomas G. Smith, and Justin W.
Witt*

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon the following counsel of record this 14th day of September, 2015, via first-class mail, postage prepaid:

Andrew D. Meyer
P.O. Box 14543
Richmond, Virginia 23221

T.J. O'Brien
P.O. Box 942
Abingdon, Virginia 24212

4

–88–

VIRGINIA:

IN THE CIRCUIT COURT FOR COUNTY OF CULPEPER

MATTHEW J. HAYMAKER, )
)
Plaintiff, )
)
v. ) Civil Case No. 2015-L-810
)
MEGAN R. FREDERICK, et al., )
)
Defendants. )

## NOTICE OF FILING OF NOTICE OF REMOVAL
## IN THE UNITED STATES DISTRICT COURT

To:   Hon. Janice J. Corbin
      Culpeper County Circuit Court
      Courthouse Building
      135 W. Cameron Street
      Culpeper, Virginia 22701-3097

1.     Please take notice that on September 16, 2015, the defendants, Megan R. Frederick, Angela D. Catlett, Jonathan B. Slater, Wade A. Gelbert, Thomas G. Smith, and Justin W. Witt, by counsel, filed in the United States District Court for the Western District of Virginia, Charlottesville Division, a Notice of Removal asking that Court to assume jurisdiction over this matter. A copy of the Notice of Removal is attached as **Exhibit A**. As shown by the Certificate of Service below, a copy of this Notice of Filing of Notice of Removal, with Exhibits, has today been served upon the plaintiff and filed with the Clerk, United States District Court for the Western District of Virginia, Charlottesville Division.

2.     This notice is given pursuant to 28 U.S.C. § 1446(d), which provides that upon the giving of such notice, the State court shall proceed no further unless and until the case is remanded.



-89-

Respectfully submitted,

MEGAN R. FREDERICK
ANGELA D. CATLETT
JONATHAN B. SLATER
WADE A GELBERT
THOMAS G. SMITH
JUSTIN W. WITT

By: _____
                    Counsel

William W. Tunner (VSB No. 38358)
Michael G. Matheson (VSB No. 82391)
Thompson McMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
Tel.: (804) 698-5933
Fac.: (804) 780-1813
wtunner@t-mlaw.com
mmatheson@t-mlaw.com

*Counsel for Megan R. Frederick, Angela D.
Catlett, Jonathan B. Slater, Wade A. Gelbert,
Thomas G. Smith, and Justin W. Witt*

2

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served via first-class mail, postage prepaid, this 22nd day of September, 2015, on the following counsel of record:

Andrew D. Meyer
P.O. Box 14543
Richmond, Virginia 23221

T.J. O'Brien
P.O. Box 942
Abingdon, Virginia 24212

William W. Tunner (VSB No. 38358)
Michael G. Matheson (VSB No. 82391)
*Thompson*McMullan, P.C.
100 Shockoe Slip
Richmond, Virginia 23219
Tel: (804) 698-6251
Fax: (804) 780-1813
wtunner@t-mlaw.com
mmatheson@t-mlaw.com

*Counsel for Defendants The Geo Group, Inc., Ed Wright, and Belinda Bullock*

3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| MATTHEW J. HAYMAKER, | ) | |
| | ) | Civil Action No 3:15-CV-00052. |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| MEGAN R. FREDERICK et al, | ) | |
| | ) | |
| Defendant(s). | ) | |

This case was recently removed from the Circuit Court for Culpeper, Virginia to the United States District Court for the Western District of Virginia at Charlottesville. Finding it necessary and proper to do so, it is hereby

REQUESTED

that the original case file in your Court be forwarded to the Clerk of this court at 255 West Main Street, Room 304, Charlottesville, VA 22902, as contemplated under 28 U.S.C. § 1441, et seq.

The Clerk is directed to send a copy of this Order to the Clerk of the Circuit Court for Culpeper County, 135 West Cameron Street, Culpeper, VA 22701.

ENTERED:  9/23/2015



/s/  Glen E. Conrad
_____
Chief United States District Judge

A TRUE COPY, TESTE:
JULIA C. DUDLEY, CLERK
BY
DEPUTY CLERK

92