CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 15 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

MATTHEW J. HAYMAKER, )
)
    Plaintiff, )
) Civil Action No. 3:15-CV-00052
v. )
) **MEMORANDUM OPINION**
MEGAN R. FREDERICK, et al., )
) By: Hon. Glen E. Conrad
    Defendants. ) Chief United States District Judge
)

In this action, which was removed from the Circuit Court for the County of Culpeper, plaintiff Matthew J. Haymaker asserts claims under 42 U.S.C. § 1983 and Virginia law against defendants Megan R. Frederick, Angela D. Catlett, Jonathan B. Slater, Wade A. Gelbert, Thomas G. Smith, and Justin W. Witt. The case is presently before the court on defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the motion will be granted with respect to Counts III and IV of the complaint. The court will remand the remaining state law claims to state court.

### Factual Background

On May 31, 2012, Matthew J. Haymaker began working for the Police Department for the Town of Culpeper (the "Department") as a patrol officer. On July 11, 2013, the Department assigned Haymaker to the "Street Crimes Narcotics Division." Compl. ¶ 12. In November of 2014, Haymaker was sworn into the Virginia State Police Blue Ridge Narcotics and Gang Task Force ("VSP Task Force"), and he attained the rank of detective. Id. ¶ 13. In this capacity, Haymaker was required to interact with the public and maintain a good reputation in the community. He was also required to arrest suspects for felony offenses committed within

Culpeper County.

Defendants are all members of the Commonwealth's Attorney's Office for Culpeper County. Megan R. Frederick serves as the Commonwealth's Attorney; Angela D. Catlett serves as the Deputy Commonwealth's Attorney; Jonathan B. Slater serves as the Senior Assistant Commonwealth's Attorney; and Wade A. Gelbert, Thomas G. Smith, and Justin W. Witt all serve as Assistant Commonwealth's Attorneys.

On September 24, 2015, Frederick filed a complaint against Haymaker, alleging that he improperly interrogated a suspect during the execution of a search warrant (the "September Complaint"). On December 12, 2015, seventeen-year-old Kameron Hymes was arrested and charged with armed burglary and robbery. Hymes then made incriminating statements in Haymaker's presence that were recorded on video (the "Hymes Video"). On January 13, 2015, Frederick advised the Department that her office would no longer prosecute any of Haymaker's cases until the September Complaint was resolved. In addition, Frederick lodged an informal complaint with the Department against Haymaker because of the Hymes Video (the "January Complaint"). On January 14, 2015, the Department concluded its investigation into the September Complaint and sustained a violation of "Department Rules and Regulations A(13) Human Relations" against Haymaker. Id. ¶ 21. However, the Department expressly stated that its internal investigation did not uncover anything that would call Haymaker's truthfulness or morality into question. Defendants received a copy of this disposition.

On January 15, 2015, Frederick sent an email to then-Captain Chris Settle and Chief Chris Jenkins. In that email, Fredericks said that she viewed the Hymes Video, reiterated that her office would no longer prosecute any cases involving Haymaker, and tried to get Haymaker removed from the VSP Task Force. On January 16, 2015, Catlett "publicized" that she shared the

2

same concerns about Haymaker as Frederick. Id. ¶ 23.

On January 21, 2015, Captain Settle advised Frederick and Catlett that Detective Tyler Armel of the Culpeper County Sheriff's Internal Affairs Unit would assist in the investigation into the January Complaint. On January 23, 2015, both Frederick and Catlett met with Captain Settle, Lieutenant Timothy Chilton, and Detective Armel. During this meeting, Frederick and Catlett formally lodged a complaint against Haymaker with the Department because of the Hymes Video. Specifically, the complaint alleged that the nature of the interview with Hymes was coercive, there were concerns when Hymes asked to speak with his mother alone, and there should have been no other conversations with Hymes after he was advised of his rights under Miranda v. Arizona, 384 U.S. 436 (1966). On February 13, 2015, the Department informed Frederick that its internal investigation into the January Complaint exonerated Haymaker for two of the three allegations, and the third allegation was not sustained. Hymes subsequently pled guilty to the burglary charge on April 15, 2015.

On February 10, 2015, Catlett filed a motion in the Circuit Court for the County of Culpeper to compel production of Haymaker's internal investigation file in another criminal matter. At a subsequent hearing, Catlett argued the motion was necessary for the Commonwealth to comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963). Frederick was also present at this hearing. On March 17, 2015, Catlett admitted to the court that her office failed to provide a copy of the Hymes Video to Hymes and his counsel because a discovery order was not in place. On March 21, 2015, the Culpeper Circuit Court denied the Commonwealth's motion to compel, finding that the motion was not supported by any statutory authority or basis in law.

On or about March 23, 2015, Frederick stated on her personal Facebook account that "[w]e cannot excuse anyone—even those entrusted with a badge—from the scrutiny of the

3

justice system when the circumstances call their actions, integrity, or veracity in question. ... Members of law enforcement who would attempt to intimidate prosecutors ... are dishonoring the trust of citizens they are entrusted to serve." Id. ¶ 39. On March 26, 2015, defendants signed and sent a letter to Chief Jenkins stating that they would no longer prosecute any cases involving Haymaker, the Commonwealth's Attorney's Office "strives to embrace the highest standards of professional and personal conduct," and defendants were unanimous in their determination that it was "not in the Commonwealth's best interest to utilize Detective Haymaker as a witness." Id. ¶ 33. On June 22, 2015, Frederick posted a link to an article from The Daily Progress on her personal Facebook page and stated that "[c]learly, folks who are not controlled by the good ole boys can speak the truth about the process. Thanks to this professor for his opinion, and the respect he has shown for all prosecutors across the nation." Id. ¶ 46. In the article, University of Virginia professor Darryl Brown said he could "only speculate that the prosecutor must know some very disturbing evidence about the officer's conduct" and "the commonwealth's attorney has apparently concluded the officer is so untrustworthy that she can't trust any evidence the officer is connected with." Id. ¶ 45.

In addition to these statements, the complaint also alleges that Frederick told multiple people on many occasions that Haymaker was "done" in Culpeper and her office would not prosecute any of his cases. Id. ¶ 27. Also, the complaint provides that defendants, either by a motion to dismiss or by a motion for nolle prosequi, have declined to prosecute six of Haymaker's cases, including three cases involving felony offenses.

## Procedural History

Haymaker filed his complaint in the Circuit Court of Culpeper County on August 19, 2015. In Count I of the complaint, Haymaker claims that defendants made false and defamatory

4

remarks regarding his "character, honesty, honor and integrity." Id. ¶ 37. In Count II, Haymaker claims that defendants tortiously interfered with his property interest, namely his employment with the Department. In Count III, Haymaker claims that the defendants engaged in a conspiracy to "damage [his] reputation and profession" in violation of Va. Code Ann. § 18.2-499. Finally, in Count IV, Haymaker claims that Frederick and Catlett violated 42 U.S.C. § 1983 by conspiring with the other defendants to violate his rights and deprive him of his employment with the Department. He seeks damages in the amount of $350,000.00 as well as equitable relief.

Defendants were served on August 25, 2015 and timely removed the case to this court on September 23, 2015, asserting federal question jurisdiction under 28 U.S.C. § 1331. Upon removal, defendants moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court held a hearing on the motion on December 7, 2015. At the hearing, the court inquired about whether Haymaker's counsel would want the court to remand the case if the court were to dismiss his § 1983 claim, and counsel answered in the affirmative. In their reply brief, defendants oppose remanding the case to state court and, instead, ask this court to retain supplemental jurisdiction and decide their motion on the merits. The motion to dismiss has been fully briefed and is ripe for disposition.

## Discussion

I. **Motion to Dismiss**

When deciding a motion to dismiss for failure to state a claim, the court must accept as true all well-pleaded allegations and draw all reasonable factual inferences in the plaintiffs' favor. Vitol, S.A. v. Primerose Shipping Co., 708 F.3d 527, 539 (4th Cir. 2013). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires

5

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation and quotation marks omitted). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

In Count III of the complaint, Haymaker claims that defendants engaged in a conspiracy to damage his reputation and profession. In the motion to dismiss, defendants argue that this claim should be dismissed because an action for business conspiracy does not redress injuries for reputational or employment interests, and that Haymaker has not plausibly shown that defendants engaged in any conspiracy. In Count IV, Haymaker alleges that defendants violated 42 U.S.C. § 1983. Defendants argue that this claim should also be dismissed because they are entitled to intracorporate and absolute immunity, and that the complaint fails to identify any federal or constitutional right that was allegedly violated by defendants. In response to defendants' arguments, Haymaker concedes that he does not have any causes of action under Va. Code. Ann. § 18.2-499 or 42 U.S.C. § 1983 and, therefore, seeks to withdraw Counts III and IV. In light of Haymaker's concession and the court's review of the legal and factual arguments in this case, the court concludes that the complaint fails to state viable claims under Va. Code. Ann. § 18.2-499 and 42 U.S.C. § 1983. Accordingly, the court will dismiss Counts III and IV of the complaint.

II. **Claims Under State Law**

Having dismissed the federal claim forming the basis of the court's exercise of jurisdiction in this case, the court must decide whether to retain jurisdiction over the remaining state-law claims. "If at any time before final judgment it appears that the district court lacks

6

subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). In the Fourth Circuit, there is a preference for remand when all federal claims drop out of a properly removed case. See, e.g., Arrington v. City of Raleigh, 369 F. App'x 420, 423 (4th Cir. 2010); Darcangelo v. Verizon Commc'n, 292 F.3d 181, 186 (4th Cir. 2002). This preference is especially strong when the federal claims drop out of the case shortly after removal. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988). However, a remand to state court is not mandatory upon dismissal of federal claims, and district courts possess some discretion when deciding whether to retain, dismiss, or remand supplemental state-law claims. Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 617-18 (4th Cir. 2001). In making that determination, the district court should consider "principles of economy, convenience, fairness, and comity" and whether the party seeking remand engaged in any "manipulative tactics." Cohill, 484 U.S. at 357. In this case, removal to federal court was proper and timely. Therefore, remand is not required but falls within the court's discretion under § 1367(c). However, upon consideration of these principles, the court declines to exercise jurisdiction over the remaining claims asserted under state law.

First, the court finds that principle of economy is either neutral or weighs in favor of remand. This court has not expended substantial judicial resources in this case as it was removed on September 23, 2015, and Haymaker conceded on October 14, 2015 that he had not stated a valid federal claim under 42 U.S.C. § 1983. See Payman v. Lee Cty. Comm Hosp., 338 F. Supp. 2d 679, 683 (W.D. Va. 2004) (retaining jurisdiction when substantial judicial resources had been expended over the course of six months). "The only relationship the [c]ourt has had with this matter consists of analyzing the removal and remand issues" as well as holding a hearing on the pending motion to dismiss. Shilling v. Nw. Mut. Life Ins. Co., 423 F. Supp. 2d 513, 520 (D. Md. 2006). Second, the court finds that the principle of convenience is either neutral or weighs in

7

favor of remand. The Circuit Court of Culpeper County is presumably more convenient for the parties, who all work within Culpeper County. See id. at 520-21 (comparing the locations of the state and federal courts when determining whether it was inconvenient for the parties to litigate in state court). Third, the court finds that the principle of fairness is neutral in this case. Because Haymaker included a federal claim in his complaint, he ran the risk that defendants would remove the action to federal court. However, in light of the preference for remand in the Fourth Circuit, the court cannot conclude that it would be unfair for the parties to litigate their case in state court, despite the potential for duplicative pleadings as pointed out by defendants.

Fourth, the court finds that the principle of comity, arguably the most important factor in the analysis, weighs in favor of remand. Comity advises against a federal court exercising jurisdiction over a matter that would be "more appropriately decided in state court." Payman, 338 F. Supp. 2d at 683. In other words, federal courts should avoid making "[n]eedless decisions of state law[.]" United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966). In this case, defendants raise novel and complex issues of prosecutorial and qualified immunity, which involve interpretations of state law. 28 U.S.C. § 1367(c)(1); see also Arrington, 369 F. App'x at 423 (finding that the district court erred by exercising jurisdiction over a case that involved novel and complex state law immunity issues). In addition, since Haymaker concedes that his complaint does not state a claim for relief under 42 U.S.C. § 1983, the parties' pleadings have solely focused on these issues of state law. Id. § 1367(c)(2). Moreover, the employment status of the parties in this case—a police officer for Culpeper County and members of the Commonwealth's Attorney's Office for Culpeper County—provides the court with another "compelling reason" for declining to exercise jurisdiction. Id. § 1367(c)(4).

Finally, the court does not find that Haymaker engaged in any manipulative tactics when

8

he decided to withdraw his federal claim. In other words, there is no allegation that Haymaker withdrew his § 1983 claim in order to defeat federal jurisdiction. Instead, it is the court's belief that he simply realized the weakness of his § 1983 claim upon review of defendants' arguments and affirmative defenses. Even if the court were to find that Haymaker acted in bad faith, his intentions in dismissing his federal claims do not outweigh the other factors. See Taylor v. Giant Food, Inc., No. Civ. A. DKC 2004-0710, 2004 WL 2191715, at *3 (D. Md. Sept. 13, 2004) (finding that plaintiff's intent in amending complaint "matters little compared to the interest in comity and the avoidance of 'needless decisions of state law' embraced by Gibbs"). In sum, the court finds that the relevant considerations are either neutral or weigh in favor of remanding Haymaker's state-law claims. Accordingly, the court will decline to exercise jurisdiction and will remand Counts I and II to the Circuit Court of Culpeper County for consideration.

## Conclusion

For the foregoing reasons, defendants' motion to dismiss will be granted with respect to Counts III and IV of the complaint. The remaining claims under state law will be remanded to the Circuit Court for the County of Culpeper.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 15th day of December, 2015.

Chief United States District Judge